**PARK MANAGEMENT, Inc., et al. v. POR-TER, Price Administrator.**

**No. 303.**

United States Emergency Court of Appeals.

Heard at Philadelphia, Pa.,
May 17, 1946.

Decided June 12, 1946.

Before MARIS, Chief Judge, and MAGRUDER, and McALLISTER, Judges.

Martin Feldman, of Philadelphia, Pa., for complainants.

Charles P. Liff, Attorney, O.P.A. of Washington, D. C. (Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen. Counsel, and Harry H. Schneider, Chief, Court Review Rent Branch, all of O.P.A., all of Washington, D. C., on the brief), for respondent.

McALLISTER, Judge.

This case presents the question whether mailing constitutes filing of a registration statement under a rent regulation of the Office of Price Administration.

In August 1944, complainants changed certain of their apartment accommodations in Philadelphia from unfurnished to furnished apartments and at the same time, increased the rentals charged therefor.

Section 4(j)[1] of the Rent Regulation for the Philadelphia Defense-Rental Area,[2] in effect at the time this controversy arose, required that when accommodations were changed from unfurnished to furnished apartments, the landlord should register them with the Office of Price Administration within thirty days after they were first

---

[1] Amendment 2 to the Rent Regulation for Housing, Pike and Fischer OPA Service, Page 200:356-B.

[2] 8 F.R. 7322.

rented furnished. If he properly registered such accommodations within the time specified, he might charge the "first rent" which he set forth therein, until and unless it was thereafter reduced by the Office of Price Administration. In case of the filing of a proper registration by a landlord, any later reduction from the Office of Price Administration would not be retroactive. If the registration was not properly filed within the prescribed time, any rent reduction later promulgated by the Office of Price Administration would be retroactive to the date of change from unfurnished to furnished apartments.

Complainants claim, and introduced evidence to prove, that they had mailed to the Office of Price Administration proper registrations of the apartments here in question, as furnished apartments, in August and September 1944 within the thirty-day period provided in the Regulation, and, for the purpose of this case, we may assume that they did mail such registrations to the proper official. However, the Office of Price Administration insists that it did not receive them. It maintains that in order to constitute a "filing," under the Regulation, a document must actually have been received in the Rent Office and filed by the Rent Director in the usual course of business. It is contended that the mere mailing of a registration statement is not a sufficient proof of filing it, where as a matter of fact, such registration statement has not been actually received by the Rent Director.

In accordance with the foregoing conclusion that the registrations in question were not filed by the landlords or received by the Office of Price Administration, an order was entered by the Area Rent Director, afterward affirmed by the Regional Rent Director, in which the rentals charged in such claimed registrations were reduced retroactively. Complainants protested that this interpretation of the Regulation with respect to filing was unfair, unjust, and unnecessary to effectuate the purposes of the Act and the regulations thereunder promulgated. The protest was referred to a Board of Review which found against complainants and held that the registrations had not been filed. The Administrator, in an opinion and order, adopted the Board's recommendations and entered an order denying the protest. The complaint before us is founded on such denial.

We are of the opinion that the Administrator's interpretation of the meaning of "filing," as used in the Regulation, is not unfair or arbitrary, and should be accepted. It is reasonably necessary to the administration of the Act and the regulations issued thereunder that documents and applications of persons which are required to be filed with the Office of Price Administration be placed in the hands of the proper officials thereof within the time provided. The effective operation of price and rent control renders it necessary that all such documents actually be received by the proper officials of the Office of Price Administration rather than be merely deposited in the mails by the persons required to file them. The risk of loss and difficulties of proof are too great to permit mere posting to be sufficient.

In United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 510, 60 L.Ed. 897, it was said that:

" * * * our attention has not been called to any case which decides that the requirement of a statute * * * that a paper shall be filed with a particular officer, is satisfied by a deposit in the post-office at some distant place. To so hold would create revolutions in the procedure of the law and the regulation of rights. In instances it might, indeed, be convenient; in others, and most others, it would result in confusion and controversies; and we would have the clash of oral testimonies for the certain evidence of the paper in the files."

If a landlord chooses to use the mails, the risk that papers required to be filed may not reach their destination lies with him. He takes the chance. The situation is distinguishable from the mailing of an acceptance of an offer which has been made by mail, under the law of contracts. Complainants should have filed the registration statements in person or should have received acknowledgment from the Office of Price Administration that the documents had been received. In their contentions.

that the operations of the Office of Price Administration by their very nature and extent required use of the mails for the purpose of transmitting and receiving communications of orders, and that the use of the mails is implicit in the regulations themselves, complainants refer to the procedural regulations issued by the Administrator. They cite Section 1300:251 of Revised Procedural Regulation No. 3, which was in effect at the time this controversy arose, and the amendment to the said section which was afterward made.

Section 1300:251 of Revised Procedural Regulation No. 3 reads:

"All notices, reports, registration statements and other documents which a landlord is required to file pursuant to the provisions of any maximum rent regulation, shall be filed with the appropriate defense-rental area office, provided that any such notice, report, registration statement or other *document properly addressed to and received by said office shall be deemed filed on the date of the postmark.*"

The amendment to the above section which was made after the events of this case were at issue provides:

"All notices, reports, registration statements and other documents which a landlord is required to file pursuant to the provisions of any maximum rent regulation, shall be filed with the appropriate defense-rental area office, *and shall be deemed filed on the date received by said office unless otherwise provided in such maximum rent regulation or in this regulation:* Provided, that any such notice, report, registration statement or other document properly addressed to and received by said office shall be deemed filed on the date of the postmark."

Complainants contend that the Regulation, before it was amended, implies that filing may be accomplished by mailing. They further submit that in the amendment afterward made, the adoption of the phrase, "and shall be deemed filed on the date received by said office" indicates that the registrations in this case properly fulfilled all requirements of filing when they were placed in the mails. It is, however, to be observed that the language in both the procedural regulation, and the amendment thereto, provides that the documents required to be filed are limited to those "properly addressed to and received by said office." It would seem to follow, from the language of the Regulation, that it is only in those cases where documents have actually been received by the Office of Price Administration, that they are deemed to be filed, although when so received, the date of the postmark of such mailed documents is considered the date of filing.

Pursuant to the foregoing, a judgment will be entered dismissing the complaint