**BRAUN v. WOODS, Housing Expediter.**

**No. 486.**

United States Emergency Court of Appeals.

Heard at Detroit, Michigan, April 9, 1949.

Decided May 13, 1949.

Seddon L. Etherton, of Detroit, Mich., for complainant.

Lloyd Weisberger, of Washington, D. C. (Ed Dupree, General Counsel, J. Walter

White, Asst. General Counsel, and Charles P. Liff, Chief, Appeals Section, all of Office of Housing Expediter, all of Washington, D.C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

McALLISTER, Judge.

Eugene Braun filed his complaint in this court, claiming to be aggrieved by the action of the Housing Expediter denying his protest of an order reducing rents charged for certain of his premises, and requiring refund of excess rents collected.

The housing accommodations in question consist of part of the second floor of a two-story frame house located in the city of Detroit, Michigan. Prior to the renting here in controversy, an apartment of two rooms and a bath on the second floor of the house had been rented as a unit. The unit now before us consists of three rooms and a bath, which was first rented on October 19, 1944.

The Housing Expediter ordered the reduction of rent on the ground that the rent being charged was more than that charged for comparable housing accommodations, and refund was required on the ground that having rented the subject unit for the first time subsequent to the maximum rent date, complainant had not filed a proper registration statement within thirty days of such first renting. Rent Regulation for Housing, Sections 4(e) and 5(c) (1).

Complainant insists that he filed a proper registration statement by mail within thirty days of the first renting. Proof by affidavit of a representative of the Housing Expediter disclosed that a search of the files and records of the office in which the statement was required to be filed, failed to reveal such filing by complainant. Where a registration statement is mailed, but not received, there is no filing. Park Management, Inc. v. Porter, Em.App.1946, 157 F.2d 688. Complainant's sworn statement is to the effect that a clerk in charge of the information desk in the area office of the Housing Expediter told him on several occasions, when he called to ascertain why the filing was not acknowledged, that the registration statement in question was in the files and that he would hear from the office in the future. How-

ever, during the proceedings before the Area Rent Director, complainant, in answer to the notice of proceedings by the Rent Director, informing him that if he wished to reply, he must do so within ten days, filed a brief statement, but did not claim that he had made a timely filing; and in his application for review, he alleged that he had mailed the registration statement in question two weeks before his tenant moved in, which appears rather unusual and questionable, in view of the fact that one of the documents which he made a part of his proof was the affidavit of his wife that two weeks after the tenant had moved in, complainant had mailed to the office a registration statement in triplicate. If the registration statement was not filed, these declarations of complainant and his wife would seem to be the result of mistake and confusion rather than intentional misrepresentation; but that fact does not avail in establishing complainant's claim of registration within the time provided. We cannot hold that there is no evidence to support the finding that complainant did not file a proper registration statement within thirty days of the first renting of the unit in question, which took place on October 19, 1944.

■ Complainant, however, attacks the order reducing the rent which was based upon rent for comparable accommodations. To sustain his contention that the rents charged were in keeping with those charged for comparable accommodations, complainant listed four housing units. He did not, however, indicate or refer to any similar features between his premises and the listed units, and in affirming the Rent Director's determination, it was stated in the order of the Regional Administrator that the units submitted by complainant as comparables were situated at better locations, included superior services, and did not offer fair comparisons with the subject unit. With regard to complainant's objections based on the use by the housing officials of comparables in apartment buildings, instead of in frame houses, it was not made to appear that there were available comparables located in frame houses similar to that of complainant. It is, however, enough that comparables be sufficiently similar so that an expert, taking as a standard the rent prevailing from one and making allowances for such differences as would be reflected in rental value, would be able to form an opinion upon the rental value of the subject unit. Sirianni v. Bowles, Em.App. 1945, 148 F.2d 343; Mason et al. v. Woods, Em.App.1949, 172 F.2d 857.

■ The burden of proving that the determination of comparable rents by the Rent Director and the Housing Expediter is without support in the evidence is a difficult task. Complainant in this case was a workingman who expended his earnings and contributed his own labors to add to the value of his small investment in this dwelling house. He had previously rented a portion of the upstairs as a unit of two rooms and a bath, and had properly registered this unit. When he subsequently rented, to another party, this unit and an additional room as a unit of three rooms and a bath, he apparently was mistaken or confused with regard to the proper procedure to be followed, and probably slipped up on the filing of a new registration statement. While complainant alleges that, in any event, the tenant of the unit now in question actually received the increased benefit of other facilities and services than were provided when the unit was rented, and that this consideration amply justified the rent charged, the answer of the Housing Expediter is that any allowance therefor to complainant could not be received by way of the rent but was required to be sought by way of petition for adjustment of the maximum rent, or otherwise; and, under the statute, this answer is good. Regardless of any view that might be entertained as to the innocent conduct of the complainant and the resulting hardship in being required to refund partial rental payments collected monthly over a period of some years, this court, under the strictly limited jurisdiction conferred on it by Congress, could not afford relief to the complainant by setting aside the determination of the Housing Expediter in this case. For we can not say that the factual determination here as to the comparable rents was arbitrary, capricious, or lacking in evidentiary support.

In accordance with the foregoing, a judgment will be entered dismissing the complaint.