## Walsh *v.* Tucker, et al.

Argued March 7, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
John Patrick Walsh v. C. Delores Tucker, Secretary of
JR., MENCER, ROGERS and BLATT.

*I. Raymond Kremer,* with him, of counsel, *Kremer,
Krimsky & Luterman,* P.C., for plaintiff.

*Lawrence J. Beaser,* Deputy Attorney General, with
him *Israel Packel,* Attorney General, for defendant,
Tucker.

*Harry Wolov,* Deputy City Solicitor, with him *Martin Weinberg,* City Solicitor, for defendant, County Board of Elections.

OPINION BY PRESIDENT JUDGE BOWMAN, March 28, 1973:

By this mandamus action plaintiff, whose term of judicial office as President Judge of the Traffic Court of Philadelphia expires the first Monday of January, 1974, would have this Court declare that he may seek another term of office through the retention election process prescribed by Article V, Section 15(b), of the Pennsylvania Constitution rather than have the office filled through the political election process prescribed by Section 13 of Article V. Taking the position that plaintiff had failed to timely file the necessary declaration of intention to seek retention election, the Secretary of the Commonwealth, one of the defendants, has heretofore certified that the office is to be filled by the political election process.

The narrow issue is whether or not plaintiff timely filed a declaration of candidacy as prescribed by Article V, Section 15(b), of the Constitution, which in relevant part provides: "A justice or judge elected under section thirteen (a), appointed under section thirteen (d) or retained under this section fifteen (b) may file a declaration of candidacy for retention election with the officer of the Commonwealth who under law shall have supervision over elections on or before the first Monday of January of the year preceding the year in which his term of office expires. If no declaration is filed, a vacancy shall exist upon the expiration of the term of office of such justice or judge, to be filled by election under section thirteen (a). . . ."

The issue is before us on plaintiff's motion for summary judgment pursuant to Pa. R. C. P. No. 1098 and

on defendants' preliminary objections in the nature of a demurrer. Both plaintiff and defendant Tucker filed affidavits of various individuals concerning the mailing and receipt of a particular letter, discussed hereinafter, and events alleged to have occurred thereafter. The propriety of the use of affidavits to support or oppose a motion for summary judgment under Pa. R. C. P. No. 1098 is doubtful. However, we need not decide this question, nor having decided that their use is proper, then proceed to resolve disputed fact issues, if any, thus raised, for we believe the essential facts necessary to determination of the basic issue are not in dispute. Also, for purposes of passing upon defendants' preliminary objections we accept as true all well-pleaded factual averments of plaintiff's complaint.

It is not disputed that plaintiff was eligible to file for retention election and that the Secretary of the Commonwealth is the appropriate election official "who under law shall have supervision over elections" of judges. By letter dated December 22, 1972, plaintiff wrote to the Secretary, which letter read:

"Dear Secretary Tucker:

"Will you kindly forward me a Declaration of Intention form to be filled out so that I may file same with your office to seek re-election on a Retentive basis in November, 1973 for Judge of the Traffic Court.

"Thanking you for your kind cooperation and with all good wishes, I am

Cordially,
JOHN PATRICK WALSH,
President Judge"

The Secretary did not acknowledge receipt of said letter nor reply to it; she asserts through affidavits of various employees of her office that the letter was never received. Then there arrived and passed the critical

date of the first Monday of January, 1973, being the date prescribed by the Constitution as the last day for the filing of a declaration of candidacy for retention election as applied to this case. It is also the date on which it is determined whether a vacancy exists as to a particular office upon the expiration of the term of office of the incumbent.

Events subsequent to January 1, 1973, as alleged by plaintiff and not seriously disputed by defendants, consist of another letter by plaintiff to the Secretary dated January 11, 1973, seeking a reply to and action upon his request as set forth in the letter of December 22, 1972. Two telephone calls were made the same day by plaintiff's secretary to an employee of the Secretary's office which produced information that the December 22, 1972, letter could not be located. Retention election forms were then dictated over the phone, prepared, executed by plaintiff and placed in the mail that same day. The following day printed forms were received by plaintiff through the mails which he executed and upon which he inserted the date of December 22, 1972, and placed in the mail directed to the Secretary. There were no further communications by letter or otherwise until plaintiff observed an election notice in the local newspaper on or about February 22, 1973, advising the electorate that the office in question, among others, would be the subject of the primary election to be held May 15, 1973, as certified by the Secretary of the Commonwealth. Subsequent communications between plaintiff and the Secretary or employees in her office were not productive to having the Secretary change her position. Hence this suit.

We recite these events which occurred after the first Monday of January, 1973, simply as background for several arguments advanced by plaintiff. In our opin-

ion they are neither material nor relevant to the disposition of the narrow legal issue raised.

Plaintiff advances alternative arguments. He first contends that his letter of December 22, 1972, addressed to the Secretary is a sufficient declaration of intention and its being placed in the mail constitutes a "filing" as contemplated by the Constitution. To reach this result he would have us "liberally" construe this particular section of the Constitution because of its newness and because plaintiff, not learned in the law, should not be charged with the same degree of knowledge or awareness as might be properly charged to judges learned in the law. As an element of this argument plaintiff must necessarily rely upon the legal presumption of receipt attached to mail deposited in the United States mails and properly addressed to the recipient; this presumption, in our opinion, cannot be considered applicable to this case.

The urgency required in deciding this election case will not permit us to review at length the compromise effected in the 1968 Pennsylvania Constitution of the opposing theories advanced as to the best method for the selection of judges. Suffice it to say that a compromise was effected, and both before and after the new Constitution was adopted by the electorate its provisions on the subject were widely publicized.

A judge who qualifies under the provisions of Article V, Section 15, is afforded an option. He may take advantage of the retention election process provided he files a declaration of candidacy on or before the specified date. The option is his and, just as clearly, it is his responsibility to file such a declaration within the required time, a responsibility which cannot be translated into a duty upon someone else to advise him of his option, to declare his intention for him or to file such a declaration.

Although there is serious doubt whether plaintiff's letter of December 22, 1972, could be found to be a then present intent to declare his candidacy, we need not decide this question as, in our opinion, the letter in question deposited in the mail cannot be said to constitute a filing of such a declaration within the meaning of the Constitution. Nor need we decide that a letter manifesting a then clear present intent to seek retention election timely deposited in the mail by registered or certified mail assuring delivery or an awareness of non-delivery would constitute a filing. We do decide that a judge intending to seek retention election has the responsibility to file or cause to be filed the requisite declaration of intent in the office of the Secretary of the Commonwealth, a responsibility which is not met by depositing a letter in the mail directed to the Secretary whether or not properly addressed and regardless of any presumption of law otherwise relating to the mail. *See Twibill v. Woods*, 20 Dauph. 266 (1917); *Hulings v. Woods*, 20 Dauph. 260 (1917).

A substantial amount of federal case law has dealt with the issue of what constitutes a filing. In a variety of statutory contexts, it has been held that a document is filed when the proper official acquires custody. In *United States v. Lombardo*, 241 U.S. 73, 76-77 (1916), the Supreme Court said, "Filing . . . is not complete until the document is delivered and received. 'Shall file' means to deliver to the office and not send through the United States mails. A paper is filed when it is delivered to the proper official and by him received and filed." [Citations omitted.] As was said in *Twibill, supra* at 270, "Filing involves the presentation of the [document] to [the proper official] or to his representative and the receipt into his custody or the recognition that they are in his possession." *Accord, Kahler-Ellis Company v. Ohio Turnpike Commission*, 225 F. 2d

922 (6th Cir. 1955). Following the *Lombardo* rule, *Phinney v. Bank of Southwest National Association, Houston,* 335 F. 2d 266 (5th Cir. 1964), focused on the problem at issue in the instant case: "The filing of a paper takes place upon the delivery of it to the officer at his office. *Mailing is not filing.* When the mails are utilized for the purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it." 335 F. 2d at 268 [citations omitted; emphasis added]. In *Park Management v. Porter,* 157 F. 2d 688 (U. S. Emergency Court of Appeals, 1946), the issue was whether a landlord had properly filed a document pursuant to rent regulations of the Office of Price Administration. The court held, citing *Lombardo,* "If a landlord chooses to use the mails, the risk that papers required to be filed may not reach their destination lies with him. He takes the chance. The situation is distinguishable from the mailing of an acceptance of an offer which has been made by mail under the law of contracts." 157 F. 2d at 689. There is apparently no question that dropping the paper in a mailbox will not constitute the filing of that paper. "The act of depositing the [document] in the mail is not a filing. A filing takes place only when the Clerk acquires custody. [Citation omitted.]" *United States v. Easement and Right-of-Way,* 386 F. 2d 769, 771 (6th Cir. 1967), *cert. denied,* 390 U.S. 947 (1968).

The retention election process for judges prescribed by our Constitution cannot be isolated from the election process for all elected public officials—including judges not eligible for retention election—as prescribed in our Constitution and the Pennsylvania Election Code.[1] To assure the voters with maximum integrity in the election process and to afford to them the widest possible choice of candidates, the election machinery is complex

---

[1] Act of June 3, 1937, P. L. 1333, as amended, 25 P.S. §2600 et seq.

and possibly cumbersome. To declare that any document which is an essential and integral element of the functioning of the process is "filed" if merely placed in the mail would seriously damage the process through disputes, delay and uncertainty as to candidates for office.

Alternatively, plaintiff contends that assuming plaintiff's letter of December 22, 1972, was not received by the Secretary, events which transpired after the first Monday of January, 1973, must be deemed to constitute an acceptance by the Secretary of plaintiff's declaration of candidacy which she is now estopped from denying. As already noted, the Constitution clearly requires declaration of candidacy for retention election to be filed no later than the prescribed date. Nothing the Secretary of the Commonwealth does or does not do after that date and nothing that the avowed candidate does or attempts to do after that date can overcome this clear constitutional mandate. Nor can plaintiff, as discussed above, shift to the Secretary a responsibility which is placed upon him and thereby create an estoppel.

We conclude that plaintiff, not having timely filed a declaration of candidacy to seek retention election as required by Article V, Section 15(b), of the Pennsylvania Constitution, cannot be granted the relief he seeks; the Secretary of the Commonwealth properly certified to the Philadelphia County Board of Elections that the office in question is to be the subject of party nomination in the forthcoming party. Accordingly, we enter the following

ORDER

Now, March 28, 1973, plaintiff's motion for summary judgment pursuant to Pa. R. C. P. No. 1098 is hereby denied; defendants' preliminary objections are hereby sustained and plaintiff's complaint is dismissed.