Commonwealth of Pennsylvania, Department of Revenue, Appellant, *v.* Niemeyer Oldsmobile, Inc., Appellee.

Argued January 9, 1974, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Guy J. DePasquale*, Assistant Attorney General,
for appellant.

*Barton F. Niemeyer,* President, Niemeyer Oldsmobile, Inc., for appellee.

OPINION BY JUDGE MENCER, March 12, 1974:

Niemeyer Oldsmobile, Inc. (Niemeyer) is a Pennsylvania corporation and operates an automobile dealership near Elizabeth, Pennsylvania. Niemeyer was issued license number 02-35146 by the Department of Revenue for the purpose of collecting and remitting Pennsylvania sales and use taxes.

Pursuant to Section 230 of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6 (Code), 72 P.S. §7230, the Bureau of Taxes for Education, Department of Revenue, conducted an audit of Niemeyer's books and records for the period of January 1, 1969 to December 31, 1972. As a result of that audit, a sales and use tax assessment in the amount of $1,655.92 was imposed on Niemeyer.

Niemeyer petitioned the Department of Revenue for a reassessment.[1] On September 29, 1972, the Department of Revenue made, and mailed to Niemeyer, a reassessment which concluded that the net amount due by Niemeyer was $1,627.02. On November 27, 1972, Niemeyer mailed to the Department of Revenue, Bureau of Taxes for Education, Board of Finance and Revenue, 1846 Brookwood Street, Harrisburg, Pennsylvania, a petition for review of assessment.[2] This petition was received by the Bureau of Taxes for Education on November 29, 1972 and was then forwarded to the Board of Finance and Revenue where it was received on December 1, 1972. The Board of Finance and Revenue, two members dissenting, entertained the petition and considered it on its merits and reduced

---

[1] Section 232 of the Code, 72 P.S. §7232.
[2] Section 234 of the Code, 72 P.S. §7234.

the assessment to a net amount due of $1,009.13, plus appropriate interest.

The Department of Revenue, contending that the Board of Finance and Revenue committed an error of law in accepting jurisdiction of Niemeyer's petition for review, filed this appeal.[3] We must sustain the appeal and reverse.

Section 234 of the Code, 72 P.S. §7234, reads in pertinent part: "Within sixty days after the date of mailing of notice by the department of the decision on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance and Revenue to review such decision. . . . Every petition for review *filed hereunder* shall state specifically the reasons on which the petitioner relies. . . ." (Emphasis supplied.)

In *Commonwealth v. Lukens Steel Company*, 402 Pa. 304, 308, 167 A. 2d 142, 144 (1961), the Supreme Court quoted, with approval, Mr. Justice KEPHART in *East Lake Road and Payne Ave.*, 309 Pa. 327, 163 A. 683 (1932), as follows: " 'We have held as a general rule that where an act of assembly commands an act to be performed within a certain time the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation [citations omitted].' "

Here a single and narrow issue is raised by Niemeyer. It contends only that the mailing of the petition for review of assessment within the sixty-day period provided by the Code for filing of such a petition is the equivalent of filing and therefore was a timely and allowable petition, even where admittedly it was not received by the Board of Finance and Revenue until after the sixty-day period had expired. We simply cannot agree that mailing is the equivalent of

---

[3] Section 235 of the Code, 72 P.S. §7235.

or constitutes filing. We need only repeat what we recently stated in *Walsh v. Tucker,* 8 Pa. Commonwealth Ct. 181, 187-88, 302 A. 2d 522, 525-26 (1973) :

"We do decide that a judge intending to seek retention election has the responsibility to file or cause to be filed the requisite declaration of intent in the office of the Secretary of the Commonwealth, a responsibility which is not met by depositing a letter in the mail directed to the Secretary whether or not properly addressed and regardless of any presumption of law otherwise relating to the mail. See Twibill v. Woods, 20 Dauph. 266 (1917); Hulings v. Woods, 20 Dauph. 260 (1917).

"A substantial amount of federal case law has dealt with the issue of what constitutes a filing. In a variety of statutory contexts, it has been held that a document is filed when the proper official acquires custody. In United States v. Lombardo, 241 U.S. 73, 76-77 (1916), the Supreme Court said, 'Filing . . . is not complete until the document is delivered and received. "Shall file" means to deliver to the office and not send through the United States mails. A paper is filed when it is delivered to the proper official and by him received and filed.' [Citations omitted.] As was said in Twibill, supra at 270, 'Filing involves the presentation of the [document] to [the proper official] or to his representative and the receipt into his custody or the recognition that they are in his possession.' Accord, Kahler-Ellis Company v. Ohio Turnpike Commission, 225 F. 2d 922 (6th Cir. 1955). Following the Lombardo rule, Phinney v. Bank of Southwest National Association, Houston, 335 F. 2d 266 (5th Cir. 1964), focused on the problem at issue in the instant case: 'The filing of a paper takes place upon the delivery of it to the officer at his office. *Mailing is not filing.* When the mails are utilized for the

purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it.' 355 F. 2d at 268 [citations omitted; emphasis added]. In Park Management v. Porter, 157 F. 2d 688 (U. S. Emergency Court of Appeals, 1946), the issue was whether a landlord had properly filed a document pursuant to rent regulations of the Office of Price Administration. The court held, citing Lombardo, 'If a landlord chooses to use the mails, the risk that papers required to be filed may not reach their destination lies with him. He takes the chance. The situation is distinguishable from the mailing of an acceptance of an offer which has been made by mail under the law of contracts.' 157 F. 2d at 689. There is apparently no question that dropping the paper in a mailbox will not constitute the filing of that paper. 'The act of depositing the [document] in the mail is not a filing. A filing takes place only when the Clerk acquires custody. [Citation omitted.]' United States v. Easement and Right-of-Way, 386 F. 2d 769, 771 (6th Cir. 1967), cert. denied, 390 U.S. 947 (1968)."

We are compelled to conclude, under the facts of this case and the issue raised in this appeal, that Niemeyer did not timely file a petition for review of assessment and that the Board of Finance and Revenue committed an error of law in entertaining and acting upon the petition. Accordingly, we enter the following

### ORDER

Now, March 12, 1974, the appeal of the Department of Revenue is hereby sustained, and the order of the Board of Finance and Revenue of March 30, 1973, reducing the sales and use tax assessment imposed on Niemeyer Oldsmobile, Inc., is hereby reversed and set aside.

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. While I am in complete accord with the conclusion of the majority that the mailing of a petition for review of assessment is not the filing of the same, which principle was firmly decided in *Walsh v. Tucker,* 8 Pa. Commonwealth Ct. 181, 302 A. 2d 522 (1973), I cannot agree with the result of the majority for the reason that I believe Section 234 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P. L. 6, 72 P.S. §7234, violates the constitutional rights of Niemeyer Oldsmobile, Inc. (Niemeyer) under the Equal Protection Clause of the 14th Amendment of the United States Constitution.

Section 234 of the Code, 72 P.S. §7234 reads in pertinent part as follows: "Within *sixty days after the date of mailing* of notice by the department of the decision on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance and Revenue to review such decision. . . . Every petition for review filed hereunder shall state specifically the reasons on which the petitioner relies. . . ." (Emphasis added.) The record indicates that Niemeyer mailed its petition for review of assessment on the 59th day after the date on which the Board of Review's decision was mailed to Niemeyer. The petition was received by the Bureau of Taxes for Education on the 61st day, and was forwarded by the Bureau to the Board of Finance and Revenue where it was received on the 63rd day. For the purpose of this dissent, the missing element not found in the record is the date on which Niemeyer received a copy of the decision of the Sales Tax Board of Review. The problem is highlighted if the facts are that Niemeyer received the decision in the mail five days or ten days after the mailing, in which event both Niemeyer's mailing of its petition and the Board's ultimate receipt of it were well within

the 60-day appeal period intended by the Legislature. To zero in on the problem, this writer believes he can take notice of the fact that occasionally, although admittedly rarely, the United States Post Office delivers mail more than 60 days after mailing. If such were the case here, could anyone argue that Niemeyer was precluded from making any appeal for the reason that the postal service did not deliver his mail within the statutory appeal period? I think not.

As proof of the logic of this dissent, I will burden the reader with a quotation of just two short paragraphs taken from the reply brief of the Commonwealth in this case:

"It is of primary importance that the Department of Revenue, Bureau of Taxes for Education, be made aware of the taxpayer's filing of his Petition for Review, because the enforcement procedures are set in motion by the absence of a filed petition. If no Petition for Review is filed within sixty (60) days from the date of decision, the Department of Revenue may initiate procedures to collect the tax due (72 P.S. §7241(2)). It is submitted that a great deal of confusion would result if the taxpayer were permitted to mail his petition on the 60th day since the petition may be temporarily delayed in the mail, or it may be permanently lost. However, the petition would still be considered to have been timely filed. Therefore, costly time and effort would have been wastefully expended upon the collection of these taxes if at a later time it is proved that the petition was mailed within the 60 day period allowed under the Code.

"Responsibility for filing a timely petition with the proper officials should properly rest on the petitioner. It is not beyond reason to expect the petitioner to take action necessary to insure the proper filing of his petition. (The petitioner and only the petitioner has the ability to properly file his petition. The peti-

tioner may request a return receipt thus having the ability to monitor the postal system. If the petitioner does not receive notice that the petition has been received, he is now in a position to personally deliver and file his petition. However, if mailing date is used as the filing date it is conceivable that a petition could be filed and never received. Accordingly, it is the Commonwealth's position that requiring the Department to accept a petition as filed on the date of mailing would only impede the orderly administration of the law; whereas, continuing under the Department's present interpretation does not result in prejudice to the taxpayer.)" What is the sauce for the goose is sauce for the gander. If I just substitute Niemeyer for the Commonwealth in the above quotation, I find that the Commonwealth fully supports my argument. If great confusion is thrust on the Commonwealth by virtue of temporary delays in the mail, it is not hard to imagine the great confusion to the citizen who does not know how many days he has to take an appeal. The Commonwealth talks of responsibility on the citizen to timely appeal; but it is also the responsibility on the part of the Commonwealth to make certain that all of its citizens are treated equally in receiving notice of its adjudications so that they have the same time within which to take an appeal.

The obvious legislative purpose of any such direct notice to a citizen is to provide a means by which knowledge and information can be communicated to the party to whom the notice is directed. Issuance of a notice without reception is not notice. Notice mailed is not necessarily notice received. The statutory time given for the doing of an act after the giving of notice should not be reduced by that unknown period of time between which the notice is mailed to its intended recipient and the actual receipt of that notice. We are

not dealing with implied or constructive notice, or notice by publication, or posting; but rather with actual or direct notice to a known party whose mailing address is part of the record. Such a direct notice is intended to inform the citizen of certain necessary knowledge and information so that he may take advantage of his guaranteed constitutional right to take an appeal. Such a notice must become effective only upon receipt, or at least upon delivery to the mailing address the intended recipient provides for the record. The time period provided for a response to such a notice should not start while the notice document is still in the mail. I believe I am permitted to take judicial notice that a mailing on any given date is very rarely received on the same date, and that mailings to different areas often do not spend the same amount of time in transit. The result is that a citizen who lives five mailing days removed from the mailing party will not receive the same statutory appeal period permitted another citizen who lives closer to the mailing party.

It is stated twice in the Commonwealth's brief that Niemeyer should have filed his petition for review within the 60 days provided for such filing. Niemeyer could only have had 60 days to file if he received the notice on the very same day it was mailed. There are no facts before us from which we can draw that conclusion.

The Pennsylvania Constitution, Article V, Section 9, now guarantees the right to take an appeal from an adverse adjudication of an administrative agency. That constitutional provision provides for, in addition to court appeal, "such other rights of appeal as may be provided by law." From my point of view, once the Legislature grants the right to appeal within a specific period of time, it cannot thereafter inconsistently

and vaguely reduce that appeal period by providing that the act of mailing controls the number of days during which an appeal may be taken. If the Legislature grants 60 days within which to take an appeal, can it possibly be reduced to some vague lesser time depending upon the speed of mail delivery? I think not. If the Legislature intended some period of time less than 60 days, then it may do so by a clear expression which would result in equal application to every citizen. To permit one citizen 60 days to take an appeal and another 59, and another 58, and another 57, etc., is constitutionally unacceptable.

It seems to this writer that the Department of Revenue itself acknowledges this problem when, by regulation, it permits the appealing party to forward by mail a notice of intention to file a petition for reassessment (Regulation 600.35) or a petition for reassessment (Regulation 600.63), and in both cases treats the petition as having been filed on the date of its postmark. Under the Federal Rules of Appellate Procedure, there are several instances where this problem is recognized. For instance, in Rule 26(c) we find, "Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, 3 days shall be added to the prescribed period."

I agree with the Commonwealth's contention that the legislative intent was to give a citizen desiring to file a petition for review 60 days within which to file such a petition; but that 60-day period must be applied equally to all citizens who desire to file such a petition. Therefore, the 60-day period cannot commence to run until receipt of the notice of the Board's decision, or at the very least until that point in time when receipt of such notice is made at the address of the recipient as is noted in the record of the case. Cer-

tainly statutory appeal provisions are intended for the protection of the losing party in an adjudication, and secondarily for the Board and its proper procedural matters. I have seriously considered the problem which might confront all administrative agencies and courts if we insist that notice become effective only upon receipt or at the very least delivery to the citizen's last known address. I have resolved this problem in my mind with the thought that a person's right of appeal is far more important and precious than any inconvenience which may be thrust upon regulatory agencies or courts by the requirement that registered mail, certified mail or personal service be made. It seems to me that if we maintain a strict method of service on original complaints, answers and other pleadings in a lawsuit, whereby we utilize the services of a sheriff or postal return receipt cards, so as to afford the parties their full statutory procedural rights for the filing of their pleading, then it is not too difficult a task to require this Board to be equally protective. If ordinary mail is to be used in the serving of notice or copies of decisions, then some proof of receipt of that notice should be shown to determine the running of any statutory appeal period. I reiterate that if Niemeyer in this case had received his copy of the decision of the Board on the 61st day after it was mailed, there is no way Niemeyer's constitutional right to take an appeal could have been protected. Accepting that as a truism, one must accept the fact that there is something wrong constitutionally with an appeal period which runs from the mailing of the notice by the adjudicature. I would dismiss the appeal of the Department of Revenue.