Commonwealth of Pennsylvania *v.* J & R Equipment Rental Co., Inc., Appellant.

Commonwealth of Pennsylvania *v.* Five-R Excavating, Inc., Appellant.

Argued December 6, 1976, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three.

*Ronald D. Morelli*, with him *W. Reid Lowe*, and
*Meyer, Unkovic & Scott*, for appellants.

*Paul S. Roeder*, Deputy Attorney General, for ap-
pellee.

OPINION BY JUDGE BLATT, February 10, 1977:
J & R Equipment Rental Company, Inc. (J & R)
is a Pennsylvania corporation engaged in the business
of leasing heavy construction equipment. Five-R Ex-

cavating, Inc. (Five-R) is a Pennsylvania corporation which leases heavy construction equipment from J & R. Both J & R and Five-R were audited by the Department of Revenue, Bureau of Sales and Use Tax (Bureau) for the period of January 1, 1970 through September 30, 1973. As a result of these audits, the Bureau assessed a sales tax of $13,329.58 plus interest and penalty on J & R and a use tax of $13,353.31 plus interest and penalty on Five-R.

Both parties petitioned the Bureau for reassessment pursuant to Section 232 of the Tax Reform Code of 1971,[1] 72 P.S. §7232. The Bureau sustained the assessments but abated the penalties and ordered that payment by Five-R of its use tax assessment would result in the sales tax assessment against J & R being stricken in its entirety. The Bureau sent copies of these decisions and orders to both parties by certified mail on February 14, 1975, and these were received by the parties on February 15, 1975. J & R and Five-R appealed to the Board of Finance and Revenue (Board) pursuant to Section 234 of the Code, 72 P.S. §7234, by petitions for review mailed on April 14, 1975. Both petitions were received on April 16, 1975 by the Board, which subsequently refused them for lack of jurisdiction because they were not filed within the time required by Section 234 of the Code. The appeals of J & R and Five-R from these decisions of the Board have been consolidated in this Court.

Section 234 of the Code, 72 P.S. §7234, provides in pertinent part:

> *Within sixty days after the date of mailing of notice* by the department of the decision on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7201 et seq.

and Revenue to review such decision. (Emphasis added.)

The petitions for review here were mailed by the appellants on the 59th day after the Bureau's decision on their petitions for reassessment had been mailed, and the petitions were received by the Board on the 61st day after the Bureau's original mailing. The appellants argue here that their mailing of the petitions for review within the sixty-day period provided by the Code is the equivalent of filing and that, therefore, their petitions were timely filed even though they were not received by the Board until after the sixty-day period had expired.

We considered and rejected the identical argument in *Commonwealth v. Niemeyer Olds, Inc.,* 12 Pa. Commonwealth Ct. 388, 316 A.2d 152 (1974). We held in *Niemeyer* that simply mailing a petition for review within the sixty-day period specified in Section 234 did not constitute filing and that *actual receipt* of the petition by the Board within the period was required. We can find no circumstances here that distinguish this case from *Niemeyer,* and we must hold, therefore, that the petitions for review filed by the appellants here were untimely and that, as a result, the Board had no jurisdiction to consider them.

Appellants also argue that the method of computation of the sixty-day appeal period specified in Section 234 is unconstitutional. Simply stated, their contention is that an appellant is denied equal protection of the law if the appeal period is considered to commence with the date of mailing of notice by the Bureau. They claim that the interval which an individual taxpayer has for filing an appeal will differ depending upon his geographical location within the Commonwealth, and that, therefore, all petitioners are not treated equally. We disagree.

Section 234 clearly provides that the sixty-day appeal period is to be measured from the date of mailing of notice by the Bureau. Although it is true that the length of the interval between the mailing of notice by the Bureau and its receipt by a prospective appellant may well be dependent upon the party's geographical location relative to the place of mailing, we do not believe that the slight differential in the appeal period of individual taxpayers so resulting from differences in mail service will render the section constitutionally infirm. It is an established rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such procedure would also be applied to any other person in the state under similar circumstances and conditions. *Tinsley v. Anderson,* 171 U.S. 101 (1898). Section 234 gives all taxpayers a sixty-day period in which to bring their appeals, and we do not find it unreasonable that the act of mailing of notice is used as a guidepost for determining the start of this period. We cannot perceive that this results in any arbitrary classification of, nor discrimination among, taxpayers.

A party challenging the constitutionality of a statute has a heavy burden to overcome the presumption of the statute's validity and constitutionality, and, therefore, must establish that the statute plainly and clearly violates the Constitution. *Bensalem Township School District v. Bucks County Commissioners,* 8 Pa. Commonwealth Ct. 411, 303 A.2d 258 (1973). We do not believe that the appellants here have sustained this burden.

The order of the Board dismissing the petitions for review is, therefore, affirmed.

## Order

And Now, this 10th day of February, 1977, the orders of the Board of Finance and Revenue, dated August 4, 1975, dismissing the appellants' petitions for review are hereby affirmed.