William A. Schmidt, t/a A. J. Schmidt & Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Joseph K. Pierce, Tive, Hetrick & Pierce, P.C.,* for petitioner.

*Robert Patrick Coyne,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 24, 1980:

Petitioner, William A. Schmidt, t/a A. J. Schmidt and Company, has filed with this Court a petition for review of an order of the Board of Finance and Revenue (Board) refusing jurisdiction of an appeal from a reassessment of sales and use taxes based on the untimely filing of that appeal. We affirm the order of the Board.

Petitioner's business was audited for the time period beginning January 1, 1973 and ending August 31, 1976 and was assessed a total of $16,723.86 for sales and use taxes, including interest and penalties. This assessment was mailed to Petitioner on or about December 28, 1976. Petitioner thereafter petitioned for a reassessment pursuant to Section 232 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, 72 P.S. §7232. The Board of Review's reassessment decision and order, which abated the penalties imposed in the original assessment, was issued on March 21, 1978. The parties have stipulated that the Department of Revenue's (Department) records show that the decision and an undated transmittal letter were also mailed to the Petitioner on March 21, 1978. The Board of Review, in addition, sent a notice of reassessment to the Petitioner which was dated March 24, 1978. Peti-

tioner filed a petition for review of the reassessment decision with the Board on May 23, 1978.

Section 234 of the Code, 72 P.S. §7234 provides, in pertinent part: *"Within sixty days after the date of mailing of notice* by the department *of the decision* on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance and Revenue to review such decision.''* (Emphasis added.) Using March 21, 1978 as the date of mailing, the petition for review was filed one day late. Petitioner argues, however, that the Department had a duty to formally notify him of the date of mailing and, in default of such notice, that he was justified in considering March 24, 1978, the alleged date of mailing of the *notice* of reassessment,[1] as the start of his appeal period. The petition would, of course, have been timely filed using the later March 24 date.

The issue presented for our consideration is whether the language of Section 234 of the Code cited above, imposes a duty on the Department to notify potential petitioners of the date on which notice of a reassessment decision is mailed. We hold that it does not.

This Court has previously decided that a petition for review under Section 234 is deemed filed only upon actual receipt by the Department. *Department of Revenue v. Niemeyer Oldsmobile, Inc.,* 12 Pa. Commonwealth Ct. 388, 316 A.2d 152 (1974). We have also ruled, in *Commonwealth v. J. & R. Equipment Rental*

---

[1] The Notice of Reassessment is "dated" March 24, 1978, however, we find no evidence in the record that would justify Petitioner's reliance on the March 24 date rather than the decision's date of March 21. Neither of the documents contain a date clearly labelled "mailing date" while both the transmittal letter attached to the decision and order and the reassessment notice do contain information relative to the Section 234 appeal procedure, to wit, that the appeal period commences on the date of mailing of the *decision* of reassessment.

*Co.,* 28 Pa. Commonwealth Ct. 558, 368 A.2d 1389 (1974), *affirmed* 477 Pa. 442, 384 A.2d 240, *appeal dismissed* 439 U.S. 804 (1978), that "Section 234 gives all taxpayers a sixty-day period in which to bring their appeals, and we do not find it unreasonable that the act of mailing of notice is used as a guidepost for determining the start of this period." *Id.* at 562, 368 A.2d at 1391. We note again that the parties have stipulated that Department records demonstrate that the decision involved in the instant case was mailed on March 21, 1978. Accordingly, the appeal period began to run on March 21 unless the Code imposes an affirmative duty on the Department to notify Petitioner of the date of mailing, the breach of which duty would require this Court to deem Petitioner's appeal timely filed.

We find that the language used in Section 234 of the Code[2] does not impose an affirmative duty to notify a petitioner of the mailing date of a reassessment decision. We also find no reason presented for reading such a requirement into the language of the statute.[3] Finally, in order to justify a waiver of a valid time limitation the petitioner must prove fraud or wrongful or negligent conduct of administrative authorities. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Petitioner has offered no proof of administrative irregularity. In fact, the Department acted promptly in mailing the decision of reassessment to the Petitioner thus commencing without delay the sixty day appeal period.

Therefore, the appeal period in the instant case commenced with the act of mailing of the decision on

---

[2] Similar wording is employed in the pertinent Department regulation located at 61 Pa. Code §36.11.

[3] We do not address the issue of whether the statute comports with due process notice requirements because that issue has not been properly raised for our consideration.

March 21 and ended sixty days later on May 22.[4] Because the statutory appeal period is mandatory, *Commonwealth v. Niemeyer Oldsmobile, Inc., supra* and Petitioner filed his appeal after the end of that period, we agree that the Board lacks jurisdiction over the appeal.

Order affirmed.

### ORDER

AND Now, this 24th day of October, 1980, the order of the Board of Finance and Revenue, dated September 13, 1978 refusing the Petition for Review of William A. Schmidt, t/a A. J. Schmidt and Company, is affirmed.

---

[4] May 22 was actually the 62nd day after March 21, however because May 20, the 60th day, fell on a Saturday, the legal date of expiration of the appeal period was May 22. 1 Pa. C. S. §1908.