# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Robert Nicoletti Family Trust, : 
                Appellant : 
                         :
                         :
            v. : 
                         :
                         : No. 1262 C.D. 2015
The School District of Philadelphia : Argued: February 8, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABL DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: March 2, 2016


        The Robert Nicoletti Family Trust (Trust) appeals from the Philadelphia County Common Pleas Court's (trial court) June 10, 2015 order denying the Trust's Petition to Appeal *Nunc Pro Tunc* from the adjudication of the Board of Revision of Taxes (Board) (*Nunc Pro Tunc* Petition). The Trust presents one issue for this Court's review: whether the trial court properly held that the Trust's equal protection rights were not violated by the Board's denial of its *nunc pro tunc* appeal. After review, we affirm.

        On April 19, 2013, Beneficial Mutual Savings Bank (Beneficial) owned property located at 820-826 East Allegheny Avenue, Philadelphia (Property) which had an appraisal "as is market value" of $200,000.00. Certified Record (C.R.) Trust Br. Ex. A. On June 12, 2013, Beneficial sold the Property to the Philadelphia Suburban Development Corporation (PSDC) for $190,000.00. On December 4, 2013, PSDC sold the Property to the Trust for $1.00. Notably, Robert V. Nicoletti (Nicoletti) is PSDC's President, the Trust's President, the Trust is in Nicoletti's name

and it is Nicoletti's Trust.[1]  *See* C.R. Trust Br. Ex. B.  On January 27, 2014, the Trust received the Property's 2014 real estate tax bill, which PSDC forwarded to the Trust, listing a new assessment of $1,273,600.00.  On February 25, 2014, the Trust filed a *Nunc Pro Tunc* Petition with the Board seeking approval to file an appeal from the Property's 2014 assessed market value after the deadline.  On September 5, 2014, the Board denied the Trust's *Nunc Pro Tunc* Petition.  The Trust appealed from the Board's decision to the trial court, and on June 10, 2015, the trial court denied the Trust's *Nunc Pro Tunc* Petition.  The Trust appealed from the trial court's order to this Court.[2]

## Background

Section 8565(c) of the act commonly referred to as the Consolidated First Class County Assessment Law, 53 Pa.C.S. § 8565(c), requires the City of Philadelphia's Office of Property Assessment (OPA) to issue notices of real estate assessment changes to registered property owners by March 31 of the year preceding the relevant tax year.  Thus, in the instant case, notice had to be sent by March 31, 2013.[3]  Any appeal challenging an assessment must be filed with the Board on or before the first Monday of October of the year preceding the tax year for which revision is sought.  Section 14 of the act known as the First Class County Assessment Law.[4]  Here, the Trust's appeal had to be filed on or before October 7, 2013, but no appeal was filed until February 25, 2014.  "[I]n this Commonwealth, an appeal cannot

---

[1] This information was confirmed by the Trust's counsel during oral argument.

[2] "Our scope of review in determining the propriety of a denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion or committed an error of law."  *In Re Appeal of Tenet Health Sys. Bucks Cnty., LLC,* 880 A.2d 721, 724 n.9 (Pa. Cmwlth. 2005).

[3] Notice of assessment valuations are publicly available on OPA's website, where any person may conduct a search of any Philadelphia address to review past, current and future assessment valuations for that property.  *See* http://property.phila.gov.

[4] Act of June 27, 1939, P.L. 1199, *as amended,* 72 P.S. § 5341.14(a).

2

be extended as a matter of grace or mere indulgence." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cnty.,* 746 A.2d 581, 583 (Pa. 2000).

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the 'principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.' *Commonwealth v. Stock,* . . . 679 A.2d 760, 764 ([Pa.] 1996). Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was 'fraud or a breakdown in the court's operations through a default of its officers.' *Bass* [*v. Commonwealth*], . . . 401 A.2d [1133,] 1135 [(Pa. 1979)]; *see also* [*Commonwealth v.*] *Stock,* . . . 679 A.2d at 763; *Hanoverian, Inc. v. Lehigh* [*Cnty.*] *Bd. of Assessment,* 701 A.2d 288, 289 (Pa. [Cmwlth.] 1997) ('[A] court may not extend that time period or allow an appeal *nunc pro tunc* absent a showing that extraordinary circumstances involving fraud, or its equivalent, duress, or coercion caused the delay in filing an appeal.').

*Union Elec. Corp.,* 746 A.2d at 584.

## Discussion

The Trust argues that the trial court improperly held that the Trust's equal protection rights were not violated by the Board's denial of the Trust's *nunc pro tunc* appeal. Specifically, the Trust contends that because the Board regularly permits *nunc pro tunc* appeals to purchasers who acquire property after the deadline, but before December 31st, and who file their appeal within 30 days after the date of the deed evidencing the conveyance, the Trust's equal protection rights were violated by the Board's refusal to extend the appeal deadline to 30 days after the Trust became aware of the assessment. Expressly, the Board's website provides in relevant part:

3

> An appeal of a real estate market value of a property located in the City of Philadelphia is initiated by the filing of an Application. This [A]pplication must be filed with the [Board] no later than the first Monday of October of the year preceding the tax year for which the revision is requested, with the following **exceptions**:
>
> A. If the property is conveyed to a new owner after the first Monday of October and before December 31st of the year preceding the tax year in question, the new owner must file an appeal Application no later than thirty (30) calendar days after the date of the deed evidencing the conveyance[.]

Reproduced Record at 6a (emphasis added); http://brtweb.phila.gov.

The Trust further maintains that the Board has recognized that an owner acquiring title subsequent to the deadline should have the ability to appeal an assessment as a matter of right. However, the Board imposes the requirement that the appeal must be filed within 30 days **of the deed's recording**. The Trust contends that, presumably, the reason for the exception is that an owner acquiring a property after the deadline would receive notice of an increased assessment from the predecessor owner at the time of settlement. The Trust believes it is entitled to an exception from the exception because it was the second owner of the Property since the date the City of Philadelphia sent the increased assessment notice; thus, the Trust's first notice of the increased assessment was upon its receipt of the 2014 real estate tax bill on January 27, 2014. The Trust filed its *Nunc Pro Tunc* Petition within 30 days of that date.

> Initially,
>
> [t]he Uniformity Clause of the Pennsylvania [(PA)] Constitution provides that '[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.' PA. CONST. art. VIII, § 1. The Equal Protection Clause of the Fourteenth Amendment to the [United States (]U.S.[)] Constitution provides that '[n]o State shall . . . deny to any person within its

4

jurisdiction the equal protection of the laws.' U.S. CONST. amend. XIV, § 1.

When considering the reasonableness of classifications made for the purposes of taxation, the Uniformity Clause of the PA Constitution and the Equal Protection Clause of the U.S. Constitution stand in *pari materia. Leventhal v. City of* [*Phila.*], . . . 542 A.2d 1328 ([Pa.] 1988). Both the federal equal protection clause, as applied to taxing statutes, and the state constitutional requirement of uniformity of taxation upon the same class of subjects mandate that classification in a taxing scheme have a rational basis. *Id.* In either case, a classification for tax purposes is valid when it is based upon some legitimate distinction between the classes that provides a non-arbitrary and reasonable and just basis for the different treatment. *Id.* Where there exists no legitimate distinction between the classes, and thus, the tax scheme imposes substantially unequal tax burdens upon persons otherwise similarly situated, the tax is unconstitutional. *Id.*

*Barrel of Monkeys, LLC v. Allegheny Cnty*., 39 A.3d 559, 566-67 (Pa. Cmwlth. 2012).

This Court had held: "[I]n order to properly state an equal protection claim, [petitioner] must allege that he is receiving different treatment from that received by other similarly-situated individuals due to his membership in a particular class and his assertions of intentional disparate treatment must be supported by specific factual allegations." *Mobley v. Coleman,* 110 A.3d 216, 222 (Pa. Cmwlth. 2015).

Moreover,

[i]t is an established rule that equal protection of the laws is not denied by a course of procedure which is applied to legal proceedings in which a particular person is affected, if such procedure would also be applied to any other person in the state under similar circumstances and conditions. *Tinsley v. Anderson*, 171 U.S. 101 . . . (1898).

5

*Commonwealth v. J & R Equip. Rental Co., Inc.,* 368 A.2d 1389, 1391 (Pa. Cmwlth. 1977), *aff'd,* 384 A.2d 240 (Pa. 1978).

Because the extended deadline is applied equally to all persons under similar circumstances and conditions in that it allows **all** taxpayers who purchase a property after the statutory deadline but before the end of the year a 30-day appeal period within which to file an appeal, we do not find it arbitrary nor is it unreasonable that the date of the deed's recording is used as the guidepost for determining the start of this period. *Id.* In addition, there has been no showing of any arbitrary classification of, nor discrimination among, taxpayers. *Id.* Accordingly, since the Trust was not treated differently than any other taxpayer who purchased a property after the first Monday of October and before December 31st of the year preceding the tax year in question, the Board did not violate the Trust's equal protection rights by denying its *Nunc Pro Tunc* Petition. *Mobley.*

Further, as the Trust did not present any evidence of "fraud or a breakdown in the court's operations through a default of its officers[,]" nor "a showing that extraordinary circumstances involving fraud, or its equivalent, duress, or coercion caused the delay in filing an appeal[;]" the trial court properly denied the Trust's *Nunc Pro Tunc* Petition. *Union Elec. Corp.,* 746 A.2d at 584.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Robert Nicoletti Family Trust,    :
                          Appellant    :
                                       :
         v.                            :
                                       :
                                       :    No. 1262 C.D. 2015
The School District of Philadelphia    :

O R D E R

AND NOW, this 2nd day of March, 2016, the Philadelphia County Common Pleas Court's June 10, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge