R. & B. Builders, Inc. *v.* Philadelphia School District, Appellant.

Argued May 5, 1964. Before JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph W. Marshall,* with him *Eugene F. Brazil,* for appellant.

*Herman J. Obert,* with him *Kenneth M. Cushman,* and *Cushman & Obert,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 1, 1964:

In this taxpayer's action in equity, the lower court enjoined the School District of the City of Philadelphia (District) from awarding a contract for certain major alterations to the West Philadelphia High School to anyone other than R. & B. Builders, Inc. (R. & B.). District appeals.

The facts are not in dispute.

District advertised for bids for the work contemplated. The invitation to bid, in accordance with the rules of the Board of Education previously promulgated, stipulated, inter alia, that "a bid bond in an amount equal to at least 25% of the total bid shall accompany this bid."

R. & B., together with several other contractors, submitted a bid to District. When the bids were opened on the appointed date, that of R. & B. in the amount of $346,000 was the lowest submitted. However, the bond accompanying the bid, while signed by R. & B. and a responsible corporate surety, and in every other respect complete, did not contain any specific penal sum in the blank space provided. District, acting on advice of

counsel, rejected R. & B.'s bid solely because the bond did not conform to the specified requirements. The next lowest bid in the sum of $347,200 was announced as the lowest valid bid received.[1] The president of R. & B., who attended the meeting, immediately publicly announced that the omission was unintentional and that his company was ready, able and willing to perform.

This action followed. The lower court first granted a temporary injunction, and, after hearing, entered a decree making it permanent and included therein a directive that R. & B. immediately file with District a new bond with the penal sum of $86,500 specified. This was done.

The Public School Code of March 10, 1949, P. L. 30, §751, as amended, 24 P.S. §7-751, requires that contracts of the nature here involved shall be entered into with "the lowest responsible bidder." This directive is mandatory: *Yoder v. Luzerne Twp. Sch. Dist.*, 399 Pa. 425, 160 A. 2d 419 (1960). The rule is based upon sound public policy and is solely for the protection of the taxpaying public. See, *R. S. Noonan, Inc. v. York School District*, 400 Pa. 391, 162 A. 2d 623 (1960).

It is also the law that instructions to bidders are a material part of the contract between the parties and compliance therewith is necessary to constitute a valid bid: *Whitemarsh Twp. Auth. v. Finelli Bros.*, 408 Pa. 373, 184 A. 2d 512 (1962). Further, a requirement that the bidder furnish security to guarantee his bid is reasonable and valid. See, 10 McQuillin, Municipal Corporations, §29.66, and cases cited.

Did R. & B. so comply?

The bond involved provided that if the bid of R. & B. were accepted, the company would, within ten days after notice of the award, enter into a contract to per-

---

[1] It is admitted that this bidder would have been awarded the contract but for this action.

form in accordance with the specifications at the price stipulated, and furnish the required bonds to guarantee performance.

It further provided that R. & B. and its surety, individually and jointly, bound themselves "to pay to the SCHOOL DISTRICT OF PHILADELPHIA in the event that the Principal shall not enter into such contract and/or give the required bonds within ten (10) days after notice of award of contract the *difference in money between the amount of the bid of the Principal and the amount for which the School District of Philadelphia either contracts with another party to perform said work and furnish said articles, supplies, equipment and material under the terms of the specifications, or the amount which said School District pays out of its own funds in performance of said work and in obtaining said articles, supplies, equipment and material, if either last mentioned amount be in excess of the amount of said bid,* it being understood and agreed that in the event of any of the aforementioned defaults by the Principal, the School District shall have full power and authority to purchase such articles, supplies, material, equipment, tools and machinery and to employ such workmen as in its opinion may be required; *if payment is made as aforesaid by the Principal and the Surety then this obligation to be void, otherwise to remain in full force and effect.*" (Emphasis supplied).

It is clear, therefore, that by reason of the wording of the instrument, R. & B. sufficiently fulfilled every condition stipulated. District is fully protected. The bond is valid and enforceable notwithstanding the omission. See, *Wiley v. Moor,* 17 S. & R. 438 (1828), and *Costen's Appeal,* 13 Pa. 292 (1850), and 6 Vale Penna. Digest, Bonds §20. Additionally, if a penal sum had been specifically mentioned the liability thereunder would be restricted to that amount: *Colella v. Allegheny County,* 391 Pa. 103, 137 A. 2d 265 (1958).

By the omission of a stated penal sum, the liability was in fact enlarged and R. & B. and its surety thereby exposed to pay the entire loss suffered by District in the event R. & B. failed to enter into a satisfactory performance contract. See, *Dodge v. St. John,* 96 N.Y. 260 (1884), and *Burns v. City of Watertown,* 126 N.Y. Misc. 140, 213 N.Y.S. 90 (1925). R. & B. therefore, submitted a bond in an amount at least equal to 25% of its total bid. The omission was of a nonessential and results in an advantage to District and the taxpayers. Even if the invitation to bid did not so provide, the bidder could not withdraw the bid or escape the liability merely because of the omission: *Colella v. Allegheny County,* supra. Nor can surety escape liability because the condition of the bond is more comprehensive than required: *Philadelphia v. H. C. Nichols Co.,* 214 Pa. 265, 63 A. 886 (1906).

Under the facts, the lower court's decision was correct.

*Whitemarsh Twp. Auth. v. Finelli Bros.,* supra, and *Harris v. Philadelphia,* 283 Pa. 496, 129 A. 460 (1925), relied upon by District are materially different in several respects. For instance in *Whitemarsh,* the bid was not signed by the offeror, despite the fact that the express provisions of the invitation to bid provided that no proposal would be considered which was not signed by the person submitting it. Moreover, in that case the contractor was declining to honor its bid. In *Harris,* the security accompanying the bid was in an amount less than that required. The bid was, therefore, fatally defective.

It is argued that District, because of the omission, necessarily has to forego its right to enter judgment by confession on the instrument. This is not correct. The bond provided for confession of judgment in the event of default "in the sum named in this bond" and further provided that the assessment of damages shall

be restricted "to those stated in the above condition of this obligation," and that the judgment so entered would be final, without right of appeal, certiorari, writ of error or motion to open or strike off. Under the circumstances, the "sum stated in the bond" is the sum which the contractor and surety undertook to pay in the event of default on the bid. The omission involved did not prevent the entry of judgment by confession for that amount. See, 6A Standard Pennsylvania Practice, Judgments §215, p. 474, and *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421 (1956).

While the Rules of the Board of Public Education provide that it "shall have power to postpone action upon or to reject all bids", this would be important and controlling only if the board intended to reject all bids submitted and advertise over. This is not the case here. Also, the discretion given to municipal authorities, to reject the lowest bid submitted and award the contract to another, does not apply to the present circumstances. See, *Kratz v. Allentown*, 304 Pa. 51, 155 A. 116 (1931).

Decree affirmed. Each side to pay own costs.