## Cantor v. Smallwood

*Louis F. Floge*, for plaintiffs.

*Bernard M. Gross*, for defendants.

GRIFFITHS, J., December 18, 1964.—James D. Morrissey, Inc., was the low bidder for certain municipal grading, cutting, fill work, and drainage ditch excavation under the aegis of the Department of Streets, the two bids totaling $22,635.90. Thereafter, and before an award was made to Morrissey, Thomas M. Durkin & Sons, an unsuccessful bidder, realizing it would have need for the fill made available by an award of the contract to it, offered to do the grade work at no cost. By reason of such offer, the procurement commissioner rejected all bids and, after certain events not necessary to recite here, readvertised the bids. Durkin was the only bidder for $2,334.60, a financial saving to the city of $20,301.30.

Benjamin B. Cantor, as a taxpayer, and Morrissey, seek to restrain the City of Philadelphia and certain of its officials from making awards under the readvertised bids and to have the court order an award to Morrissey under the original bid, of which Morrissey was the lowest responsible bidder.

A hearing on a request for a preliminary injunction was continued until the final hearing, in the interim the parties agreeing to maintain the status quo.

The court finds:

1. Plaintiffs have not made out a clear case of urgent necessity entitling them to a preliminary injunction.

2. The Procurement Commissioner of the City of Philadelphia had the right to reject bids 3466 and 3467 under and by virtue of section 8-200(2)(b) of the Philadelphia Home Rule Charter and Paragraph 9 of Standard Contract Requirements for Public Works Contracts, City of Philadelphia, such rejections being for the best interest of the City of Philadelphia.

3. Such rejection was an honest exercise of discretion by the procurement commissioner, did not emanate from improper or illegal motives, and did not impinge on the integrity of public bidding.

4. Readvertised bids 3466R and 3467R were proper, in accordance with law, and awards made in accordance therewith are valid.

5. Plaintiffs have failed to prove a case by clear and convincing evidence.

## DISCUSSION

It is the opinion of this court that the procurement commissioner has a clear duty to exercise discretion in accepting or rejecting bids. Such discretion cannot be exercised arbitrarily or capriciously or for improper or illegal motives, thus vitiating an honest exercise of such discretion: 10 McQuillan, Municipal Corporations, §29.77; 3 Antieau, Municipal Corporation Law, §29.04, pp. 552-553.

While the court cannot control the exercise of executive functions or substitute its discretion for that of the executive, it is the responsibility of the court to review the exercise of such discretion where improper motives or abuse is claimed: Hayes v. Scranton, 354 Pa. 477, 480, (1946). While the Procurement Commissioner is bound by law, *other things being equal*, to award the contract to the lowest responsible bidder, he is also bound by law to reject any and all bids as he may deem best for the interest of the city. Where he rejects bids, as here, solely because a substantially lower offer subsequently is received, his exercise of discretion will not be set aside unless the court finds an abuse of discretion. We do not so find in this case. "No one is legally entitled to the contract until it is legally awarded to him.": American Pavement Co. v. Wagner, 139 Pa. 623, 630 (1891).

Were we to find the commissioner is always bound to award a contract to the lowest bidder, "Then . . . would the City be in a helpless state; for, if bidders should come to an understanding beforehand, it might be obligated to pay for labor and materials the most extravagant and enormous amounts, thus providing a fund for distribution among themselves, far in excess of any reasonable profit." Ibid. p. 630; although such conspiracy would violate law.

The court concludes:

1. Equity has jurisdiction of the subject matter.

2. Plaintiffs are not entitled to a preliminary injunction.

3. Plaintiffs have failed to prove by clear and convincing evidence their right to equitable or legal relief.

4. Defendants are in no way responsible to plaintiffs in this cause of action.

5. The complaint should be dismissed.

6. Plaintiffs should pay the costs.

Wherefore, we enter the following

## DECREE NISI

And now, December 18, 1964, the within complaint is dismissed by decree nisi. Plaintiffs are ordered to pay the costs.

The prothonotary shall give notice hereof to counsel for the parties, and if no exceptions hereto are filed within 20 days after such notice, upon praecipe of either party, the prothonotary shall enter this decree nisi as the final decree.

## OPINION SUR EXCEPTIONS

HAGAN, P. J., GRIFFITHS, J., April 26, 1965.—This matter came before the court on exceptions to an adjudication in equity. The relevant facts are substantially set forth in the adjudication. Pertinent to the argument before us they can be briefly restated as follows:

Pursuant to advertising to perform certain work for the City of Philadelphia, the lowest bidder was plaintiff James D. Morrissey, Inc., whose total bid was $22,635.90; and the second lowest was Thomas M. Durkin & Sons, whose bid was $26,958. It is conceded that Morrissey is a responsible bidder.

Durkin advised the procurement commissioner of the city, after the bids were submitted and opened, that he would be willing to do the work for nothing or practically nothing. The commissioner then rejected all bids and readvertised. Morrissey contended that the commissioner was obligated to award the contract to him as the lowest responsible bidder, and did not bid on the readvertising. Durkin was the only bidder and was awarded the contract, his bid being $2,334.60, a financial saving to the city of $20,301.30.

This action was brought as a taxpayer's suit to set aside the readvertising and award to Durkin, and sought an order compellng the contract to be awarded to Morrissey as the lowest responsible bidder. The chancellor who heard the case dismissed the complaint. The

basis of the adjudication was that the procurement commissioner has the duty to exercise discretion as to whether to reject all bids and readvertise, and his decision can be set aside only if he acts arbitrarily, capriciously, or for improper or illegal motives. The chancellor found that this did not exist here, and therefore found that the commissioner had the right, if not the duty, to reject the bids and readvertise.

## DISCUSSION

It is clear that only a taxpayer has standing to question the procurement commissioner's conduct in rejecting bids and readvertising, and accordingly the action must be considered as a taxpayer's action: Noonan v. York School District, 400 Pa. 391 (1960) ; Highway Express Lines v. Winter, 414 Pa. 340 (1964).

Relative to the procurement commissioner's right to reject bids and readvertise, section 8-200 (2) (b) of the City Charter provides that contracts shall be awarded to the lowest responsible bidder, and also provides that the procurement commissioner "may reject all bids if (he) shall deem it in the interest of the City to do so."

This provision of the Charter was interpreted in Highway Express Lines v. Winter, supra. The court there held that a city official has discretion in such matters and his decision to reject all bids and readvertise may be set aside by the court only if the court finds that there was "fraud of (sic) collusion motivating such action". The law in this area is quite clear, that where a contract is awarded, it must be awarded to the lowest responsible bidder, but it also provides that in the absence of fraud or collusion on the part of the awarding city official, he can always reject bids and readvertise: R. & B. Builders v. Phila. School District, 415 Pa. 50 (1964) ; Noonan v. York School District, supra; American Pavement Co. v. Wagner, 139 Pa. 623 (1891).

That the procurement commissioner acted properly and was not guilty of fraud or collusion is clearly pointed out by the holding in Louchheim v. Philadelphia, 218 Pa. 100 (1907). There the lowest bidder was Jerome H. Louchheim and the second lowest bidder was Norcross and Edmunds. Prior to the awarding of the contract the Director of Public Works entered into private negotiations with Norcross and Edmunds wherein the terms of the contract were modified and Norcross and Edmunds' bid reduced so that it was lower than that of Jerome H. Louchheim. Thereupon the contract was awarded to Norcross and Edmunds.

The court set aside this award and in doing so made many of the same points here argued by plaintiff, among them stating that there was no question of improper motive on the part of the director, in that he undoubtedly was acting in what he considered the best interest of the city. Despite this, however, the court stated that fairness in public competitive bidding forbade such a practice.

Up to this point the case would seem to support plaintiff's position, but the court then concluded at page 104:

"The proper method for the director to have pursued, if convinced that the best interests of the City demanded it, was to set aside all of the bids, readvertise and secure another open competitive bidding when all of the bidders would have been on an exact equality."

The court further stated on the same page:

"In deciding that the contract was improvidently awarded, it must not be understood to indicate that it should have been awarded to any other bidder, for clearly the director had the power, if the facts warranted it, to set aside all bids. . . ."

Thus, what the procurement commissioner did in the instant case is precisely what the Supreme Court

said the Director of Public Works should have done in the Louchheim case.

ORDER

For the foregoing reasons plaintiff's exceptions are dismissed and the decree nisi entered as the final decree of the court.