Walsh, Appellant, *v.* Tucker.

176

Argued September 24, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*I. Raymond Kremer,* with him *Neil H. Stein,* and *Kremer, Krimsky & Luterman,* for appellant.

*Lawrence J. Beaser,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

Opinion Per Curiam, September 25, 1973:
Order of the Commonwealth Court is affirmed. Opinion to follow.

OPINION BY MR. CHIEF JUSTICE JONES, November 26, 1973:

The question presented on this appeal is whether or not a properly posted letter to the Secretary of the Commonwealth, mailed in sufficient time to reach its destination before the filing deadline in the ordinary course of post but which was never received, constitutes a "filing" under the retention election provision of the Pennsylvania Constitution. The applicable provision is Article V, section 15(b), which provides as follows: "(b) A justice or judge elected under section thirteen (a), appointed under section thirteen (d) or retained under this section fifteen (b) may file a declaration of candidacy for retention election with the officer of the Commonwealth who under law shall have supervision over elections on or before the first Monday of January of the year preceding the year in which his term of office expires. If no declaration is filed, a vacancy shall exist upon the expiration of the term of office of such justice or judge, to be filed by election . . . ."[1] The Commonwealth Court, by its opinion and order dated March 28, 1973,[2] found that the letter in question was not a "filing" and dismissed appellant's complaint. We affirm.

The facts necessary for our determination of this issue are not in dispute. Appellant's present term as President Judge of the Traffic Court of Philadelphia expires on the first Monday in January 1974. Hence, the deadline for his filing a declaration of candidacy was Monday, January 1, 1973. On December 22, 1972, appellant sent the following letter to appellee-Secretary of the Commonwealth:

---

[1] Pa. Const. art. V, §15(b).

[2] *Walsh v. Tucker*, 8 Pa. Commonwealth Ct. 181 (1973).

"Dear Secretary Tucker:

"Will you kindly forward me a Declaration of Intention form to be filled out so that I may file same with your office to seek re-election on a Retention basis in November, 1973 for Judge of the Traffic Court.

"Thanking you for your kind cooperation and with all good wishes, I am

Cordially,

JOHN PATRICK WALSH
President Judge."[3]

This letter was never received by the Secretary's office and appellant took no further action until January 11, 1973, when an inquiry was made regarding the December 22, 1972, letter. Thereafter, more correspondence occurred between the two offices which, however, we deem irrelevant to our determination of this case and hence, will not be discussed further.[4] Filing requires more than proper mailing.

This concept of "filing" as delivery into the official's possession has also been adopted in the federal

---

[3] While there is some question whether this letter, even if it had been timely filed, would constitute a declaration of candidacy (since it appears to be merely a request for forms), we do not reach that question in our resolution of this case.

[4] During this latter period, appellant did file appropriate forms which he now uses as the basis for an estoppel argument against the Secretary. However, we dismiss this argument summarily and adopt the Commonwealth Court's reasoning on this point: ". . . the Constitution clearly requires declaration of candidacy for retention election to be filed no later than the prescribed date. Nothing the Secretary of the Commonwealth does or does not do after that date and nothing that the avowed candidate does or attempts to do after that date can overcome this clear constitutional mandate. Nor can plaintiff, as discussed above, shift to the Secretary a responsibility which is placed upon him and thereby create an estoppel." 8 Pa. Commonwealth Ct. at 189.

courts.[5] As the Commonwealth Court adequately surveyed these cases in its opinion,[6] there is no need for us to reiterate that discussion here.

We conclude that appellant did not timely file a declaration of candidacy to seek retention election under Article V, section 15(b), of the Pennsylvania Constitution. The retention election procedure enables an incumbent judge to avoid the burdens of a normal political campaign. However, it is the judge's responsibility to comply with the filing requirement of section 15(b) if he wishes to avail himself of this convenience. It is apparent that appellant did not meet this responsibility. Not only did he wait until ten days before the deadline prior to taking any action pursuant to qualifying himself for retention election, but he made no follow-up on his initial letter until ten days *after* the deadline. Under these circumstances, we cannot see how appellant has suffered any injustice.

Order affirmed.

---

[5] *See, e.g., United States v. Lombardo*, 241 U.S. 73 (1916) ; *Phinney v. Bank of Southwest Nat'l Ass'n*, 335 F. 2d 266 (5th Cir. 1964) ; *Kahler-Ellis Co. v. Ohio Turnpike Comm'n*, 225 F. 2d 922 (6th Cir. 1955) ; *Park Management v. Porter*, 157 F. 2d 688 (U. S. Emergency Court of Appeals 1946).

[6] 8 Pa. Commonwealth Ct. at 187-88.