Ogden Foods, Inc. *v.* State Farm Products Show Commission, James A. McHale, Secretary of Agriculture for the Commonwealth of Pennsylvania, Governor Milton J. Shapp, Raymond J. Kerstetter, Dr. James Beattie, Dr. George Marshall, Dr. Thomas B. King, John M. Phillips, Reno H. Thomas, Merle E. Miller, James A. Conners, Wellington D. Smith, Elton B. Tait, Frank Zettle, Members of the State Farm Products Show Commission, Department of Agriculture.

Heard November 26, 1973, by Judge ROGERS.

*Ralph S. Snyder,* with him *Kimber E. Vought* and *Schnader, Harrison, Segal and Lewis,* for plaintiff.

*J. Justin Blewitt, Jr.,* Deputy Attorney General, for defendants.

ROGERS, J.

## ADJUDICATION

The plaintiff, Ogden Foods, Inc., seeks in this suit in equity a decree which would enjoin the defendants from awarding the food and beverage concession at the State Farm Show Building to a competitor, Nilon Brothers, Inc., and which would order the defendant State Farm Products Show Commission to enter into a contract with the plaintiff for that concession. After hearing we granted plaintiff's motion that the Commission be enjoined preliminarily from entering into a contract with Nilon Brothers, Inc., as it intended to do. The parties have now stipulated that our preliminary order should be made permanent and the record closed to the end that we may promptly decide what further relief the plaintiff may be entitled to have. The only further relief the plaintiff now contends it should have is that the contract be awarded to it, based upon the asserted factual ground that its bid was the best submitted to the Commission in response to its Invitation by public advertisement. The defendants intend, if the plaintiff is denied this relief, to reject all bids and to prepare new specifications for public bidding. The issue, then, is whether on the record and in the circumstances the plaintiff is entitled to an order directing that the Commission contract with the plaintiff for the concession in accordance with the Invitation and the plaintiff's bid.

## Findings of Fact

1. Ogden Foods, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 3360 South Lawrence Street, Philadelphia, Pennsylvania 19148, and is engaged, *inter alia*, in the business of acting as a food concessionaire at public places such as the State Farm Show Building. Plaintiff is, and at all times pertinent hereto has been, licensed to do business within the Commonwealth of Pennsylvania. Plaintiff is, and at all times pertinent hereto has been, a taxpayer of the Commonwealth of Pennsylvania.

2. Defendant James A. McHale is Secretary of the Department of Agriculture for the Commonwealth of Pennsylvania.

3. Defendant, The State Farm Products Show Commission ("Commission") was created by the General Assembly of the Commonwealth of Pennsylvania by the Act of April 9, 1929, P. L. 177, art. XVII, §1709 (71 P.S. §449), and is a commission operating under the supervision of the Secretary of the Department of Agriculture.

4. Defendants, Milton J. Shapp, James A. McHale, Raymond Kerstetter, James Beattie, George Marshall, Thomas B. King, Wellington D. Smith, Elton B. Tait, Frank Zettle, John M. Phillips, Reno H. Thomas, Merle E. Miller and James A. Conners are members of the Commission.

5. Since August of 1965, plaintiff or Berlo Vending Company, a subsidiary, has had eight successive one year contract agreements with the Commission providing the food and beverage concessions at the State Farm Show Buildings.

6. In March, 1973, the Commission determined to invite bids for the concession contract at the State Farm Show Buildings, and such an invitation was subsequently advertised.

7. Several bids were received in response to that invitation but the Commission, because of discrepancies in the invitation, determined that all bids should be rejected and a new invitation advertised.

8. On or about July 1, 1973, the Commission invited for the second time sealed proposals from those wishing to obtain the food and beverage concession at the State Farm Show Buildings, Harrisburg, Pennsylvania, for five years ending June 30, 1978.

9. According to the invitation to bid, proposals were to be received at the Agriculture Building in Harrisburg prior to 1:30 p.m. July 31, 1973, the time at which all proposals would be opened.

10. On the date and at the time provided for in the invitation, the Commission had received proposals from Nilon Brothers, Inc., Harry M. Stevens, Inc., and Ogden Foods, Inc., the plaintiff.

11. On August 2, 1973, the Commission met and voted to award the contract for the food and beverage concession to Nilon.

12. Nilon's bid was unresponsive in several respects to the specifications of the invitation.

13. Plaintiff and defendants have stipulated that defendants shall be permanently enjoined from awarding the concession contract to Nilon.

14. The defendants, unless restrained from doing so, will reject all bids, prepare new specifications and again invite public bidding.

### DISCUSSION

As noted, the remaining issue is whether the plaintiff is entitled to an order directing the Commission to award it the food and beverage concession at the State Farm Show Building. The plaintiff contends that the record sufficiently demonstrates that it made the best bid in response to the Commission's invitation. Aside

from the insurmountable legal obstacle to our requiring the Commission to award a contract in the face of its decision to reject all bids, there is the factual impediment that the Invitation is so unclear that a decision on which bid was best would be impossible without making assumptions about the Invitation and the bids. The Invitation permitted bidders to propose payments to the Commission based upon either a percentage of total gross sales or percentages of such sales with respect to a number of particular operations. Nilon Bros., Inc., bid only twenty-four per cent of gross sales. Stevens bid only varying percentages of particular operations. Ogden bid both ways. The Invitation further asked bidders to include lists of new equipment, some called "mandatory" the other "recommended," to be provided by them which would eventually become, upon certain terms, the property of the Commission. It also required bidders to submit a separate list of portable equipment, presumably to be used at the Farm Show Building, but which would remain the property of the bidder. Nilon submitted no lists as such, merely stating that it would provide equipment "mandatory, optional and portable" worth in excess of $200,000. The Stevens bid offered to provide in excess of $232,000 worth of new equipment. Of this amount, equipment worth either $58,130 or $83,975 represented equipment which would become the Commission's. A balance worth $174,825 is entitled in Stevens' bid "additional equipment" and it is not clear from the bid whether this was to belong to the State or remain the property of Stevens. Ogden proposed to supply equipment worth $98,517 which would eventually belong to the State and a total of about $200,000 in portable equipment. The obvious difficulties encountered by the three bidders in attempting to respond to the Invitation, is matched by our difficulty in attempting to ascertain which bid might be most favorable to the State's interest. In any

case, Nilon's bid was clearly deficient and was not the proper basis for an award, as apparently the defendants now agree.

While the plaintiff describes itself as a taxpayer, it is obviously suing as an unrequited bidder. As such, it has no standing to seek an order of this court requiring the Commission to enter into a contract with it, in the circumstance here present of the Commission's intention to readvertise upon new, and hopefully more understandable, specifications. *R. S. Noonan, Inc. v. York School District,* 400 Pa. 391, 162 A. 2d 623 (1960); *Highway Express Lines, Inc. v. Winter,* 414 Pa. 340, 200 A. 2d 300 (1964). The law of Pennsylvania, as expressed in the cases cited, is that a disappointed bidder has no standing to request the judicial award of a public contract. Even if we were to consider this a taxpayer's action, which at this point it is not, the plaintiff would not be entitled to the relief it now seeks. If a public body, in connection with competitive bidding is empowered to do so, it may reject all bids in the absence of fraud, collusion, bad faith or arbitrary action. *Weber v. Philadelphia,* 437 Pa. 179, 262 A. 2d 297 (1970). There is no evidence whatsoever of fraud, collusion, bad faith or abuse of power in the Commission's present purpose to reject all bids. The plaintiff's allegation in its amended complaint is that the Commission abused its discretion in awarding the bid to Nilon rather than to the plaintiff. The Commission's present intention to reject all bids and readvertise appears to us to be the exercise of proper discretion. The cases are collected and analyzed in *Weber, supra,* 437 Pa. at 183-184, 262 A. 2d at 299-300. It is recognized that in *R & B Builders, Inc. v. Philadelphia School District,* 415 Pa. 50, 202 A. 2d 82 (1964), an order directing the award of a contract to the low bidder was affirmed. However, in that case the municipality rejected the low bid on a technicality and proposed to make an award to

a higher bidder. The Supreme Court in the last paragraph of its opinion plainly indicates that its decision would have been otherwise if the municipality had chosen to exercise its power to reject all bids and advertise over.

### Conclusions of Law

1. This court has jurisdiction over the parties and the subject matter of this proceeding.

2. The plaintiff is entitled to no relief other than that heretofore provided by preliminary injunction, restraining the defendants from entering into a contract with Nilon Brothers, Inc.

### Decree Nisi

And Now, to wit, this 7th day of January, 1974, it is ordered that the defendants and each of them be and they hereby are permanently enjoined from entering into a contract with Nilon Brothers, Inc., for the food and beverage concession at the State Farm Show Building based upon Nilon Brothers, Inc's. proposal made July 30, 1973. All other relief is denied.

This decree is made without prejudice to the right of the State Farm Products Show Commission to reject all bids submitted in response to the Invitation which was the subject of this proceedings and to advertise over.

If no exceptions are filed to this adjudication within twenty (20) days after notice hereof, the Prothonotary shall on praecipe enter this decree as the final decree.