## Latsnic v.
## Canon-McMillan School District

*Francis C. Sichko* and *Dennis J. Stefanik,* for plaintiff.
*John E. Costello,* for defendant.

SWEET, *P. J.,* June 30, 1975—John Latsnic has brought a complaint in equity seeking to have a preliminary injuction restraining Canon-McMillan School District from entering into a contract with Mellon National Bank as depository, and requiring them to accept the bid of Pittsburgh National Bank as depository. A short hearing was held on this matter on June 24, 1975. We write this opinion in some haste because action has to be taken no later than today.

Section 621 of the Public School Code of March 10, 1949, P.L. 30, 24 PS §6621, requires the board to designate a depository for school funds.

The theory of plaintiff is that the district is required to accept the lowest responsible bid. Plaintiff's brief says: "The School Board obligated itself to accept the lowest responsible bidder once the proposals were solicited. The school code provides

that specified contracts shall be entered into with 'the lowest responsible bidder' and is mandatory. See R. & B. Builders v. Philadelphia School District, 415 Pa. 50 (1964). Also see 24 PS 7-751. A banking institution is to be distinguished from contracts for professional services as those of a solicitor, physician, surveyor or architect that are not intended to be included under 24 PS 7-751." The trouble with this statement is that the code doesn't support it. The code refers to "All construction, reconstruction, repairs or work of any nature, including the introduction of plumbing, heating and ventilating, or lighting systems, upon any school building or upon any school property . . . [which] shall exceed one thousand five hundred dollars ($1500), shall be done under separate contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids." It does not seem to me that the statute prescribing rules for construction, repairs, plumbing, heating, lighting, etc., includes the services of a depository, and I do not find the reference to be germane.

It seems to me that the board has the discretion to pick either Mellon or Pittsburgh National in this situation. Both are well-known business organizations of good repute. I would not wish to undertake to make a finding either explicit or implied as to which of them is "better." This is a matter for the discretion of the school board. As we have had occasion to remark before, the courts are not a super school board and we do not wish to undertake the day-to-day operation of the school or the school finances in the different communities of this county.

Defendant's brief aptly puts it that a preliminary injunction will issue only if there is an urgent

necessity to avoid injury which cannot be compensated for by damages and should not be awarded except when the rights of plaintiff are unquestionably clear. I, therefore, decline to issue the requested injunction.

There are some questions raised by defendant on which I shall not pass, since it is not necessary to do so in order to reach today's result; and which are not wholly free from difficulty. In this category I place the issues of the interest of plaintiff in this case, the presence or absence of other remedies and the matter of the process by which defendant-school board reached its decision.

In determining that an injunction should not issue here, I am, of course, aided by the presumption that official duty is regularly performed, Wheatcroft v. Schmid, 8 Commonwealth Ct. 1, 301 A. 2d 377, (1973).

The application of plaintiff, John Latsnic, is therefore dismissed with costs. Exception noted.