214

Henry F. Acchione and Acchione & Canuso, Inc., Appellants *v.* City of Philadelphia and Thomas Durkin & Sons, Inc., Appellees.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Gary S. Turetsky,* with him *Joseph H. Jacovini,* and, of counsel, *Dilworth, Paxson, Kalish, Levy & Kauffman,* for appellants.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *Sheldon L. Albert,* City Solicitor, and *James M.*

*Penny, Jr.,* Deputy City Solicitor, for appellee, City of Philadelphia.

*Hugh J. Hutchison,* with him, of counsel, *Obermayer, Rebmann, Maxwell & Hippel,* for appellee, Thomas Durkin & Sons, Inc.

OPINION BY JUDGE MENCER, January 29, 1979:

Henry F. Acchione and Acchione & Canuso, Inc. (Acchione) appeal an order entered by the Court of Common Pleas of Philadelphia County denying their exceptions to a decree nisi which denied their request for injunctive relief against the City of Philadelphia (City).[1] We affirm.

On April 1 and 8, 1977, the City advertised for bids on an airfield drainage project at the Philadelphia International Airport. All prospective bidders, including Acchione, were supplied with qualification questionnaires. Pursuant to Section 17-101(1) of the Philadelphia Code, prospective bidders were instructed that they were required to file the questionnaire at least one week prior to the date set for the opening of bids. Acchione, through its bonding agent, mailed the questionnaire within the prescribed time limit. The City, however, did not receive Acchione's qualification questionnaire and therefore did not open Acchione's bid on the date set for the opening of bids, May 2, 1977. Upon opening the other bids, Thomas Durkin & Sons, Inc., was determined to be the lowest responsible bidder.[2] On May 3, the City received a questionnaire from Acchione which had been executed after discovering, on May 2, that the original questionnaire had not been received. The City has refused to open Acchi-

---

[1] The order also made absolute the decree nisi.

[2] Durkin was permitted to intervene as a party defendant by agreement of the parties.

216

one's bid, however, because the completed questionnaire was not filed in accordance with Section 17-101 (1) and the bidding instructions.

Acchione instituted this suit in equity seeking to compel the City to open its bid and to enjoin the City from awarding the contract to a bidder other than Acchione. Injunctive relief was denied and this appeal followed.

Acchione argues that it did comply with the requirements of Section 17-101(1) when it *mailed* its questionnaire to the City.

Section 17-101(1) provides:

> (1) Public Works. In order to determine whether any prospective bidder for a City contract for construction of public works to be awarded pursuant to §8-200(2) of the Charter is a responsible bidder, the Procurement Department *shall, not later than one week prior to the time of the opening of bids for such contract, require* every prospective bidder to *file* a certified statement on a form supplied by the Procurement Department. (Emphasis added.)

Acchione contends that the mailing of its questionnaire in the envelope supplied by the City satisfied the requirement that a bidder "file" the questionnaire. We disagree.

This Court has held, where constitutional and statutory contexts require that a document be filed, that it is filed only when the proper official acquires custody. *Walsh v. Tucker*, 8 Pa. Commonwealth Ct. 181, 302 A.2d 522, *aff'd*, 454 Pa. 175, 312 A.2d 11 (1973); *Department of Revenue v. Niemeyer Oldsmobile, Inc.*, 12 Pa. Commonwealth Ct. 388, 316 A.2d 152 (1974). The Pennsylvania Supreme Court, in affirming our decision in *Walsh v. Tucker*, stated that "[f]iling requires more than proper mailing." 454 Pa. at 178, 312 A.2d at 12.

The cases involving The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, upon which Acchione relies, are inapposite because Section 315 of that Act, 77 P.S. §602, specifically provides by reference that a claim petition which must be filed "shall be mailed or delivered." *See, e.g., Rockwood Insurance Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 499, 326 A.2d 665 (1974); *Laffey v. Philadelphia & Reading Coal & Iron Co.,* 125 Pa. Superior Ct. 9, 189 A. 509 (1937). The term "file" in this case is not so qualified, and the requirements of Section 17-101(1) were not met by the mere mailing of Acchione's questionnaire.

Acchione argues in the alternative that its failure to comply with the time limitations was merely technical and that it substantially complied with the filing requirement by filing a completed questionnaire the day following the opening of bids. It is argued that the City, other bidders, and the public were not prejudiced by this delay and that, by failing to open its bid, which allegedly is the lowest bid, the taxpayers are harmed.

In *Harris v. Philadelphia,* 283 Pa. 496, 503, 129 A. 460, 462 (1925), the Supreme Court stated:

> It has been uniformly held, and may now be regarded as the general rule in this State, that, where a statute provides a method or formal mode of making municipal contracts, such provision is mandatory and must be observed, otherwise the contract is not enforceable against the municipality. . . . Consequently, whenever a statute and city ordinances, made pursuant thereto, provide when and the manner in which city contracts shall be made, it is necessary to strictly follow such provisions. . . . (Citations omitted.)

This rule was cited with approval and deemed controlling in *Whitemarsh Township Authority v. Finelli Brothers, Inc.*, 408 Pa. 373, 184 A.2d 512 (1962).

Section 17-101(1) specifically provides that the City "*shall*, not later than one week prior to the time of the opening of bids . . ., *require* every prospective bidder *to file* a certified statement. . . ." (Emphasis added.) Moreover, the instructions to bidders, which are a material part of the contract between the parties and with which compliance is necessary to constitute a valid bid, *R & B Builders, Inc. v. Philadelphia School District*, 415 Pa. 50, 52, 202 A.2d 82, 83 (1964), provided that "no bid will be accepted unless the questionnaire . . . is filed . . . at least one week prior to the date of opening bids."

By the terms of Section 17-101(1) and the instructions to bidders, all prospective bidders were put on notice that, in order to have their bid considered, their qualification questionnaire *had* to be filed within the stated time limitations. To allow Acchione's bid to be considered when he failed to comply with such requirements would establish a precedent for dilatory filing and for noncompliance with established bidding procedures and would create uncertainties upon the opening of bids. This could lead to abuses that such procedures were established to prevent. Moreover, the taxpayer is always harmed when a potentially low bidder fails to comply with bidding requirements.

For the reasons above, we find that the bidding procedures set forth in Section 17-101(1) and the bidding instructions are mandatory and are to be strictly enforced. By filing the questionnaire late, Acchione did not satisfy the required bidding procedure, and therefore the City properly did not consider Acchione's bid.

Order affirmed.

## Order

And Now, this 29th day of January, 1979, the order of the Court of Common Pleas of Philadelphia County, dated September 14, 1977, denying the exceptions of Henry F. Acchione and Acchione & Canuso, Inc., to a decree nisi and making absolute the decree nisi, is hereby affirmed.