Theresa W. Wagner and Clarence E. Doak, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education, Respondent. Board of Public Education of the School District of Pittsburgh, Intervening Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Byrd R. Brown,* for petitioners.

*Donna S. Weldon,* Assistant Attorney General, with her *Patricia A. Donovan,* Deputy Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, April 24, 1979:

This is an appeal by Theresa W. Wagner and Clarence E. Doak (petitioners), professional employees of the Pittsburgh School District, from a decision of the Pennsylvania Secretary of Education (Secretary), denying an appeal from a decision of the Board of Education of the Pittsburgh School District (Board) because the appeal was not timely filed in accordance with the requirements of Section 1131 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1131.

The Board, by resolution dated February 24, 1976, reassigned petitioners to positions with lower salaries, effective immediately. On April 9, 1976, Wagner requested a hearing on her alleged demotion. The assistant solicitor for the Board, by letter of April 30, 1976, informed Wagner that the chairman of the Board's

personnel committee had referred her request to the legal department for a response and that, since the reassignments resulted from budgetary considerations and decreased student enrollment, "it is the position of the School District that a hearing is not required and, therefore, your request for a hearing is denied." Doak's request for a hearing was apparently denied at about the same time and in the same manner. By letter of June 30, 1976, petitioners requested the Secretary to direct the Board to hold a hearing and to reinstate them to their original positions. Nothing further occurred until January 1977, when petitioners inquired about their request of the Secretary and were informed that their June letter was never received. The Secretary requested verification that the letter was sent and received *no* response. Petitioners did nothing more until May 1977, when petitioners *again* requested and were denied a hearing before the Board regarding the alleged demotions. On July 25, 1977, petitioners appealed the denial of the hearing to the Secretary and were denied the appeal because it was untimely. This appeal followed.

Section 1151 of the School Code, 24 P.S. §11-1151, requires the Board to hold a hearing on all nonconsensual demotions before the demotion becomes effective. *See Black v. Wyalusing Area School District*, 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976).[1] After the hearing, the demoted professional employee is entitled to an appeal to the Secretary pursuant to

---

[1] We are constrained to note that the Board apparently disregarded a duty to hold a hearing in this case. We have often reiterated what the Supreme Court said in *Smith v. Darby School District*, 388 Pa. 301, 319, 130 A.2d 661, 671 (1957), which is that, when a professional employee *claims* he has been demoted, it is the board's *duty* to conduct a hearing to determine whether there has in fact been a demotion. *See Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975).

Sections 1151 and 1131 of the School Code. *See Black v. Wyalusing Area School District, supra.* Finally, Section 1131 provides that an "appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board."

The parties agree that, if the Board denies a request for a hearing by a professional employee who has allegedly been demoted, the denial of the hearing is the decision from which the employe must appeal under Section 1131. The Secretary's position is that petitioners failed to appeal within 30 days of receiving the letter from the Board's solicitor and that the appeal was therefore properly dismissed as untimely. Petitioners argue, however, that the solicitor's letter denying a hearing did not constitute a "decision" of the Board and that, since the letter was not sent by registered mail as arguably required by Section 1131, they were not required to appeal within 30 days under Section 1131.

Section 1131 requires that an appeal be filed within 30 days of receipt of the Board's "decision." Petitioners contend that the solicitor's letter merely represented a legal opinion and, until the Board itself acted on the request, there was no Board decision to which the time limitation for appeal in Section 1131 applied. We disagree. The solicitor's letter makes it clear that he was acting on the Board's behalf at the request of the Board and that the position expressed was that of the Board. Although there may have been some doubt concerning the finality of this decision, absent formal Board action, nevertheless, petitioners did not request clarification or reconsideration. Rather, in reliance on the finality of the letter, petitioners appealed to the Secretary. Since petitioners had already been subjected to the reassignment, the solicitor's letter represented a Board decision which was sufficient to commence the time for appeal under Section 1131.

Petitioners also argue that Section 1131 requires the Board to send notification of its decision to deny a hearing by *registered* mail in order to commence the time for taking an appeal. Even were we to accept petitioners' argument, this Court has said that notice which is sent by regular mail and is actually received satisfies the statutory requirement of notice by registered mail. *See Mertz v. Lakatos,* 33 Pa. Commonwealth Ct. 230, 381 A.2d 497 (1978). Petitioners acknowledge receipt of the solicitor's letter denying the hearing, and therefore the requirements of Section 1131 regarding notification of the Board's decision were satisfied and petitioners were required to appeal within 30 days of receipt of that decision.

In determining whether petitioners filed a timely appeal, we must disregard the attempt to file made in June 1976. Section 1131 provides that an "appeal shall be *filed.*" (Emphasis added.) This Court has held, where constitutional and statutory contexts require that a document be filed, that it is filed only when the proper official acquires custody. *Walsh v. Tucker,* 8 Pa. Commonwealth Ct. 181, 302 A.2d 522 (1973), *aff'd,* 454 Pa. 175, 312 A.2d 11 (1973). The Pennsylvania Supreme Court, in affirming our decision in *Walsh v. Tucker,* stated that "[f]iling requires more than proper mailing." 454 Pa. at 178, 312 A.2d at 12. *See also Acchione v. City of Philadelphia,* 40 Pa. Commonwealth Ct. 214, 397 A.2d 37 (1979). In June 1976, petitioners apparently sent their petition by regular mail and it was not received. Therefore, they failed to perfect an appeal at that time.[2]

Not only did petitioners fail to perfect an appeal in June 1976, but they also failed to take any action for

[2] While there is no evidence regarding when petitioners actually received the solicitor's letter denying the request for a hearing, it is questionable whether the attempt to appeal made June 30, 1976 was timely since the solicitor's letter to Wagner was dated April 30, 1976.

approximately four months after they found out, in January 1977, that the Secretary had not received their appeal. When an appeal was finally filed in July 1977, more than a year after notice was received that the Board denied their request for a hearing, it was unquestionably untimely.

Therefore, we enter the following

ORDER

AND Now, this 24th day of April, 1979, the decision of the Secretary of the Pennsylvania Department of Education, dated October 12, 1977, denying the appeal of Theresa W. Wagner and Clarence E. Doak, is affirmed.

