Ronald A. Nielson and Donald I. Cairns, trading as Aardvark Associates, Appellants *v.* Joseph Womer, Michael Antkowiak, Paul Fox, Jack Baker and Ted Williams, as members of the City Council of Oil City, Pennsylvania, and Terrance W. Farren, as City Manager of the City of Oil City, Pennsylvania, Appellees.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Willis E. Schug,* with him *Culbertson, Weiss, Schetroma & Schug,* for appellants.

*F. Walter Bloom, III,* City Solicitor, for appellees.

OPINION BY JUDGE DISALLE, September 28, 1979:

Ronald Nielson and Donald Cairns, trading as Aardvark Associates (Aardvark), appeal from an order of the Court of Common Pleas of Venango County granting defendants'[1] motion for compulsory nonsuit in a mandamus action instituted by Aardvark. We affirm.

At some time prior to April 29, 1977, defendants advertised for bids for the collection and disposal of garbage and refuse. Their bidding document contained the following questions:

What method of disposal do you plan on using?

What is the location?

Are the facilities contracted for?

The bidder shall provide either evidence of ownership, or evidence of non-cancellable agreement covering the use of the disposal area for the life of the contract. At any time after the award of the contract, the Contractor may find it necessary to use a different disposal site. The Contractor may do so under the provisions of these specifications only after thirty (30) days prior notice to the City accompanied by another affidavit evidencing ownership or non-cancellable agreement covering the use of the second disposal area for the life of the contract.

Aardvark, being in the business of hauling rubbish, submitted a bid on April 29, 1977, which turned out to be the lowest bid. In response to the third question above, however, it answered, "No. Consent through writing from the three landfills is sufficient." and attached three letters from various landfill operators in the area purporting to permit Aardvark to

---

[1] Defendants are the members of the City Council of Oil City and its City Manager.

dump its rubbish at their landfills in the event Aardvark became the successful bidder.[2]

On May 2, 1977, defendant. Terrance Farren, the City Manager of Oil City, notified Ron Nielson that Aardvark's bid failed to comply with the bidding specifications. On May 5, 1977, Aardvark sent defendants copies of Memoranda of Agreements between Aardvark and two of the landfill operators confirming the contents of the earlier letters. A few days later, the defendant members of the City Council of Oil City, acting on the announcement by Mr. Farren that none of the bids received complied with the specifications concerning contractual arrangements for a disposal area, voted to reject all bids and solicit new ones. A new bidding document, dated June 3, 1977, was prepared, new bids were solicited, and another contractor, Superior Sanitation, submitted the lowest bid. It was subsequently awarded the contract.

Meanwhile, on May 23, 1977, Aardvark filed its mandamus action, seeking an order that defendants award the contract to it. Defendants filed preliminary objections which were argued on June 10, 1977.

---

[2] The letters read as follows:

In the event that Ron Neilson of Aardvark Assoc. is the successful bidder for the Collection and disposal of all Garbage, Rubbish, and Trash from the City of Oil City, we will accept all Garbage, Rubbish and Trash at our Landfill located in Liberty Township, Mercer County, Pennsylvania.

This letter is to inform you that we will accept solid wastes from your company at our Venango County, Cranberry Township landfill should you be the successful bidder to the City of Oil City for the contract period starting July 1, 1977.

I Vern Zimmerman give Ron Nelson [sic] Privilage [sic] to dump in my Landfill as long as Landfill is in operation, meaning that you never know from one day to the next what the Department of Environmental Resources (D.E.R.) is going to do. This is under permit number 100966.

Trial was held on February 23 and 24, 1978, before President Judge William Breene of Venango County, who granted defendants' motion for nonsuit at the end of Aardvark's case. It is from an order dismissing Aardvark's exceptions that Aardvark now appeals.

Defendants make several arguments in defense of their actions, but given our disposition of the case, we need only deal with their argument that they acted within their discretion in rejecting all bids and soliciting new ones. First of all, it is well settled that the specifications set forth in a bidding document are mandatory and must be strictly followed for the bid to be valid. *R. & B. Builders, Inc. v. Philadelphia School District*, 415 Pa. 50, 202 A.2d 82 (1964); *Highway Express Lines, Inc. v. Winter*, 414 Pa. 340, 200 A.2d 300 (1964); *Whitemarsh Township Authority v. Finelli Brothers, Inc.*, 408 Pa. 373, 184 A.2d 512 (1962); *Acchione v. City of Philadelphia*, 40 Pa. Commonwealth Ct. 214, 397 A.2d 37 (1979). Since Aardvark's bid failed to comply with the bidding specifications in that it did not provide "evidence of non-cancellable agreement . . . for the life of the contract," defendants could properly have rejected it. It is equally well settled that a defective bid cannot be remedied once the bids have been opened. *Harris v. Philadelphia*, 283 Pa. 496, 129 A. 460 (1925); *American Totalisator Co. v. Seligman*, 34 Pa. Commonwealth Ct. 391, 384 A.2d 242 (1977). Thus the memos later supplied by Aardvark cannot be held to have cured the original deficiency.

Finally, we note that where a public body is empowered to reject all bids and readvertise for new ones, it may do so as long as it does not act fraudulently, arbitrarily or in bad faith. *Weber v. City of Philadelphia*, 437 Pa. 179, 262 A.2d 497 (1970); *Highway Express Lines, Inc. v. Winter, supra; The Conduit and Foundation Corp. v. City of Philadelphia*, 41 Pa. Commonwealth Ct. 641, 401 A.2d 376 (1979).

That defendants possessed such authority is apparent. Section 905 (2)(b) of Oil City's Administrative Code authorizes defendants to reject all bids and readvertise where "the interest of the City would be better served by [so doing]." Nor can we find any evidence of fraud or bad faith. Insofar as the disposal of rubbish constitutes a critical facet of the rubbish-hauling business, defendants clearly acted in the public interest in demanding that definite, noncancellable provisions be made for such disposal.

ORDER

AND Now, this 27th day of September, 1979, the order of the Court of Common Pleas of Venango County, dated June 22, 1978, is hereby affirmed.