Muncy Area School District *v.* John M. Gardner et al. John M. Gardner et al., Appellants

Argued January 28, 1985, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Jonathan E. Butterfield, Liebert, Short, Fitzpatrick & Lavin,* for appellants.

*Robert A. Eckenrode, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht,* for appellee, Muncy Area School District.

*Michael J. Casale, Jr., Casale & Bonner, P.C.,* for additional appellee, Basco Associates.

OPINION BY SENIOR JUDGE BARBIERI, August 29, 1985:

John M. Gardner (Gardner) and United States Fidelity and Guaranty Company (USF&G) (hereinafter referred to collectively as Appellants) appeal here the order of the Lycoming County Court of Common Pleas which granted plaintiff Muncy Area School District's (District) motion for summary judgment in favor of the District and against Appellants, and Basco Associates' (Basco) motion for summary judgment thereby releasing Basco, joined by Gardner and USF&G as an additional defendant, from the lawsuit.

The District, contemplating alterations and an addition (Section A) to an existing elementary school hired Basco, an architectural firm, to act as its agent in the preparation of specifications and instructions

for the plumbing work involved in the proposed alterations and addition. The instructions to prospective bidders, including Gardner, requested the submission of a bid for the total combined cost of the plumbing work on the alterations and the Section A addition. The bids were to be submitted by 7:30 p.m. on November 17, 1981. On that day a representative of Basco, acting as agent for the District, contacted Gardner by telephone to inform him that his bid proposal would be unacceptable unless, in addition to his base bid, Gardner provided a "deduct" representing the amount Gardner estimated was the cost of plumbing work on the addition which the District could deduct from the base bid to arrive at a figure for the plumbing work on the alterations only. The District was contemplating the deletion of the Section A addition.

Gardner submitted a base bid of $35,000 and a deduct figure of $30,680; he submitted a bid bond in the amount of $3,500, surety of which was the USF&G. On December 16, 1981, Gardner was notified that the District intended to accept his base bid and the deduct he had provided, for a balance bid price for the proposed alterations of $4,320. In a letter dated December 18, 1981, addressed to Basco, Gardner attempted to submit a new breakdown for the plumbing work on the alterations, indicating an estimate of $13,324 as the cost of the work, rather than $4,320. On December 21, 1981, the District accepted Gardner's bid with the deduct. After Gardner informed the District that he could not perform the work for $4,320, the District, on January 14, 1982, awarded the plumbing contract to the next highest bidder at $13,650.

The District filed a civil action in assumpsit in Lycoming County Court of Common Pleas against Gardner and USF&G seeking damages against Gard-

ner and against USF&G, guarantor of Gardner's $3,-500 bid bond. Gardner and USF&G joined Basco seeking indemnification for any liability incurred and for additional damages. The trial court entered summary judgment in favor of the District, and against Gardner and USF&G and dismissed all claims against Basco.

We have jurisdiction of this appeal from the grant of summary judgment in favor of the District pursuant to Section 762 of the Judicial Code, 42 Pa. C. S. §762, since Section 751 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §7-751, regulating construction work to be done under contract let on bids, is drawn into question. Jurisdiction of the dispute between Appellants and Basco is perfected pursuant to Section 704(a) of the Judicial Code, 42 Pa. C. S. §704(a),[1] and Pa. R.A.P. 741(a).[2]

Our scope of review when considering a grant of summary judgment is as follows:

It is well-established that we can sustain a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[1] Section 704 of the Judicial Code provides:

(a) General rule.—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to assignment of matters), resting jurisdiction of such appeal in another appellate court.

[2] The rule paraphrases the language of Section 704 of the Judicial Code provided in footnote 1.

any material fact and that the moving party is entitled to a judgment as a matter of law. *The record must be examined in the light most favorable to the non-moving party.* The court must accept as true all well-pleaded facts in the plaintiff's . . . pleadings, giving the plaintiff . . . the benefit of all reasonable inferences to be drawn therefrom. Finally, a summary judgment should be granted only when the case is clear and free from doubt. Moreover, in passing upon a motion for summary judgment, *it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried* and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.

*Bolinger v. Palmerton Area Communities Endeavor, Inc.*, 241 Pa. Superior Ct. 341, 350, 361 A.2d 676, 680 (1976) (emphasis in original; citations omitted).

Gardner and USF&G argue on appeal that the summary judgment granted by the common pleas court was grounded on a finding that the change in instructions to bidders, *i.e.* the request for a deduct, was neither material nor substantial.[3] Appellants argue that the question of the materiality of the change in instructions raised a factual dispute which is more properly resolved by a jury as fact-finder. Thus, Appellants assert, the trial court usurped the func-

---

[3] The common pleas court stated at page 6 of its opinion:

It appears that the deletion in question only required the individual bidding on the plumbing work to make some additional calculations. The figures necessary for the calculations were already available to the Defendant and in fact had been compiled by him prior to being notified of the deletion. We do not feel that the deletion was a material or a substantial change.

tion of the jury and the grant of summary judgment was in error.

Appellants argue that, were the fact-finder given the opportunity to resolve the factual dispute raised, it would have resolved the question of materiality in favor of Gardner and USF&G. Citing *Page v. King*, 285 Pa. 153, 131 A. 707 (1926) for the proposition that a contract cannot lawfully be awarded when unadvertised material changes are made in the specifications, Appellants assert that because there was not public notice of the request for the deduct figure, even though Gardner did not attempt to withdraw his bid within the statutorily required two days,[4] there is no

---

[4] Section 2 of the Act of January 23, 1974, P.L. 9, governing public contracts and withdrawal of bids, 73 P.S. §1602 provides:

§1602 Withdrawal of bids; grounds; notice; restrictions; regulations

A bidder to any construction contract for the construction, reconstruction, demolition, alteration or repair of any public building or other public improvement or for the provision of services to or lease of real or personal property whether by lease or concession from such contracting body, excepting highway work, may withdraw his bid from consideration after the bid opening without forfeiture of the certified check, bank cashier's check, surety bid bond or other security filed with the bid if the price bid was submitted in good faith, and the bidder submits credible evidence that the reason for the price bid being substantially lower was a clerical mistake as opposed to a judgment mistake, and was actually due to an unintentional and substantial arithmetical error or an unintentional omission of a substantial quantity of work, labor, material or services made directly in the compilation of the bid; provided, (i) notice of a claim of the right to withdraw such bid is made in writing with the contracting body within two business days after the opening of bids; and (ii) the withdrawal of the bid would not result in the awarding of the contract on another bid of the same bidder, his partner, or to a corporation or business venture owned by or in which he has a substantial interest. No bidder who is permitted to with-

valid enforceable contract between Gardner and the District, and the District is not entitled to the $3,500 bid bond.

The law in the area of public contracts is well-established. The submission of a bid for public work in response to an invitation constitutes an offer. A good and binding contract is formed when the public body, acting by responsible officers, accepts a written bid. A public contract has its inception in the award as distinguished from the formal signing of the contract, and is binding from that time on. It is the contractor, not the governmental unit, which acts at its peril in submitting bids and entering into a contract. As a general rule, one who files a bid pursuant to a competitive bidding statute has no right to withdraw the bid, the reason being that the benefits accruing to one submitting a bid under the public bidding statutes are a sufficient consideration to render a bid submitted irrevocable. A statute may permit a bidder who makes an honest and good faith mistake of calculation in estimating his bid to withdraw the bid. Relief from mistakes in bids on public work is generally refused for errors in judgment.[5]

The facts in the instant case are not in dispute. The District advertised for bids on plumbing work. Gardner obtained a copy of the specifications and instructions and prepared his bid. Notified at the last moment by telephone that a deduct was required,

---

draw a bid shall supply any material or labor to, or perform any subcontract or other work agreement for any person to whom a contract or subcontract is awarded in the performance of the contract for which the withdrawn bid was submitted, without the written approval of the contracting body. The contracting body may prepare regulations to carry out the intent and purposes of the act.

[5] See generally 72 C.J.S. Supplement Public Contracts §§11-15 (1975).

Gardner nevertheless complied with the request and submitted two figures, a bid on the total project as originally proposed, and a bid on the plumbing work for the alterations only, constituting separate offers either of which the school district was empowered to accept which acceptance would create a valid enforceable contract. Indeed, the District, when it determined to proceed with the alterations only, was required to accept Gardner's bid.[6] When Gardner perceived his error, which he concedes was a judgment error and not a mistake in calculation, he attempted to resubmit his bid in a different amount; he did not attempt to withdraw his bid, however. Thus, his offer stood, it was accepted, and a contract was made.

Gardner cannot now be heard to complain of the process of which he availed himself in his attempt to capture an attractive public contract. *Page v. King,* which Appellants cite as authority for avoidance of the contract between Gardner and the District, is inapposite. The court in *Page* was concerned that bidding on the public contract for publishing Superior Court reports be competitive as required by statute. Competitive bidding, according to the *Page* court, required notice to all prospective bidders of changes in specifications as those changes might turn prospective bidders into actual bidders:

---

[6] Section 751 of the Public School Code of 1949, 24 P.S. §7-751, governing work to be done under contract let on bids, provides in pertinent part:

> (a) All construction, reconstruction, repairs, maintenance or work of any nature, including the introduction of plumbing, heating and ventilating, or lighting systems, upon any school building or upon any school property . . . shall be done under separate contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids. . . .

Prospective bidders, who may not have had knowledge of the specifications, and have decided not to bid, might, in view of the changes, be willing to submit bids. To alter the specifications during the submission of bids . . . would not produce competitive bidding, unless public notice of the changes was given. Bidders should be informed by the specifications on file what is expected of them; material changes thereof should be followed by a public notice and a letting made accordingly. Personal notice to those having already secured plans, in addition to public notice, is highly desirable, and should be given if possible; but without public notice, discrimination may be easily practiced by sending only personal notices to a few individuals. A contract cannot be lawfully awarded when changes are made in the specifications after advertisement, unless the change is advertised.

285 Pa. at 159-160, 131 A. at 709-10.

Gardner received notice of the change and chose to submit a bid in accordance with the new instructions. Gardner was the successful bidder and he may not now assert the rights of disappointed prospective bidders protected by the holding in *Page*.

As the Superior Court, in *Buff v. Fetterholf,* 207 Pa. Superior Ct. 92, 97, 215 A.2d 327, 330 (1966), stated, ''The question whether an undisputed set of facts establishes a contract is one of law.'' There was no issue of fact to be tried in this case. Inasmuch as Gardner refused to perform under the contract formed when the District accepted his bid, the conditions for forfeiture had ripened. *Travelers Indemnity Company v. Susquehanna County Commissioners,* 17 Pa. Commonwealth Ct. 209, 331 A.2d 918

(1975), and summary judgment was properly given for the District and against Gardner and USF&G.

We turn now to Appellants' argument that summary judgment was improperly granted in favor of Basco. Appellants, in their brief, assert that Basco was negligent in failing to include in the instructions accompanying the specifications notice of the contemplated deletion of the addition to the school building. Appellants' theory of tort liability is founded upon Section 552 of the Restatement of Torts Second (1965) which provides:

§552 Information negligently supplied for the guidance of others.

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Appellants contend that their pecuniary losses were caused by misinformation negligently supplied by Basco. We are hardpressed to identify the misinformation to which Appellants refer. Certainly, Gardner was not misinformed regarding the deduct; rather Gardner, along with others who had obtained specifications for the purpose of preparing a bid, were informed, albeit at the eleventh hour, that a bid on the plumbing work on the alterations only would be required in addition to the bid on the combined job. Gardner chose to proceed and enter the bid pursuant to the altered instructions. Any pecuniary loss suffered as a result was certainly not due to misinformation supplied by Basco. The common pleas court

was correct in deciding that, as a matter of law, Gardner had no claims against Basco for pecuniary loss.

ORDER

Now, August 29, 1985, the order of the Lycoming County Court of Common Pleas in the above-captioned matter is affirmed.

Judge BARRY did not participate in the decision in this case.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent. In exercising our scope of review it is our duty to see that summary disposition is permitted only in the clearest of cases. *Huffman v. Aetna Life and Casualty Co.*, 337 Pa. Superior Ct. 274, 486 A.2d 1330 (1984). Certainly, the circumstances of the instant case are not so clear as to require summary disposition.

Effective competitive bidding requires that all prospective bidders be given public notice, by advertisement, of the specifications so that they can be informed what is expected of them. This applies to material and substantial changes. Personal notice of material changes to those who have already submitted bids is insufficient since discrimination may easily be practiced under such circumstances. *Page v. King*, 285 Pa. 153, 131 A. 707 (1926).

The issue, therefore, is whether calling for a deduct bid at the last hour constituted a material change requiring a public advertised notice. This raises a material and substantial issue to be decided by the fact finder.

The trial court, in granting summary judgment, said that the deduct requirement was neither mate-

rial nor substantial. I disagree. That Gardner received notice of the change personally and chose to submit a bid even though it lacked the proper advertising is not the issue. What is material and substantial is that the failure to advertise this change may seriously affect the integrity of the bidding process. Prospective bidders who may not have had knowledge of the new specification and have decided not to bid, might for whatever reason and in view of the change be willing to submit bids. A contract cannot be lawfully awarded when changes are made in the specifications unless the change is advertised. *Page v. King.*

In *Philadelphia Warehousing and Cold Storage v. Hallowell*, 88 Pa. Commonwealth Ct. 574, 490 A.2d 955 (1985), this court, quoting from *American Totalisator Co. v. Seligman*, 34 Pa. Commonwealth Ct. 391, 384 A.2d 242 (1977), *aff'd* 489 Pa. 568, 414 A.2d 1037 (1980), held that when an agency deviates from the requirements of competitive bidding by changing the terms of its proposal for bids, the proper procedure is to set aside all the bids, readvertise, and secure another open competitive bidding, so that all the bidders would be on an equal footing.

Accordingly, I would reverse.